# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
William Jennings

**DEFENDANTS**
Genesse County Deputies Patrick Fuller, et al.

**(b)** County of Residence of First Listed Plaintiff ___Genesee___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___Genesee___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ernst Law Firm, PLC
By: Kevin Ernst P44223
645 Griswold, Ste. 4100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / Product Liability / ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / Injury Product ☐ 345 Marine Product / Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Product Liability / ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal / Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | Injury / ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | |
| **REAL PROPERTY** | ☐ 362 Personal Injury - / Product Liability | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | Medical Malpractice | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 441 Voting / ☐ 463 Alien Detainee | | | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 442 Employment / ☐ 510 Motions to Vacate | | | |
| ☐ 290 All Other Real Property | ☐ 443 Housing/ / Sentence | | | |
| | Accommodations / ☐ 530 General | | | |
| | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
4th and 14th Amendment claim brought pursuant to 42 USC 1983.

Brief description of cause:
Excessive force and prosecution without probable cause.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
August 1, 2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

County in which action arose ___Genesee___

PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which　☒ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

       Plaintiff,

Case No.

vs.

Hon.

GENESEE COUNTY DEPUTIES PATRICK FULLER,
LT. ROBERT NUCKOLLS, DAVID KENAMER
SGT. KYLE GUEST, MARK WING, and JASON WHITE
Jointly and Severally,

       Defendants.

---

ERNST LAW FIRM, PLC
By: KEVIN ERNST (P44223)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
ernstlawfirm@hotmail.com

DEAN ELLIOTT, PLC
By: DEAN ELLIOTT (P60608)
Counsel for Plaintiff
321 S. Williams Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com

---

## COMPLAINT AND JURY DEMAND

## COMPLAINT

NOW COMES Plaintiff, by Counsel, and for his complaint, states as follows:

## VENUE AND JURISDICTION

1.     Plaintiff is, and was at all times relevant hereto, a citizen of the United States and
State of Michigan.

2.    The cause of action arose in the City of Flint, County of Genesee, State of Michigan.

3.    Defendant Patrick Fuller was at all times relevant hereto, a Genesee County Sheriff Deputy, and is being sued in his individual capacity.

4.    Defendant Robert Nuckolls was at all times relevant hereto, a Lieutenant for Genesee County Sheriffs Department, and is being sued in his individual capacity.

5.    Defendant David Kenamer was at all times relevant hereto, a Genesee County Sheriff Deputy, and is being sued in his individual capacity.

6.    Defendant Kyle Guest was at all times relevant hereto, a Genesee County Sheriff Deputy, and is being sued in his individual capacity.

7.    Defendant Mark Wing was at all times relevant hereto, a Genesee County Sheriff Deputy, and is being sued in his individual capacity.

8.    Defendant Jason White was at all times relevant hereto, a Genesee County Sheriff Deputy, and is being sued in his individual capacity.

9.    At all material times, each of the Defendants acted under color of laws, statutes, ordinances, policies, practices, customs, and usages of the State of Michigan, City of Flint, and the Genesee County Sheriff's Department.

10.   The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983.

## FACTUAL ALLEGATIONS

11.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

2

12.    On September 18, 2010, at approximately 4:30 a.m., Plaintiff was arrested by the Flint Township Police Department for suspected OWI and was transported to the Genesee County Jail for processing and charged with OWI.

13.    Approximately one month prior to Plaintiff's arrest, Plaintiff defended a waitress from the aggressive actions of a Genesee County Deputy while at a local bar in Genesee County.

14.    The Deputy was disciplined over the incident.  He was acquainted and/or friends with one or more of the Defendants named in this complaint.

15.    On September 19, 2010, Plaintiff was turned over to Defendants Kennamer and Fuller at the Genesee County Jail.

16.    Defendant Fuller is 6'4" and weighs 290 lbs.

17.    Defendant Fuller removed Plaintiff's handcuffs and had Plaintiff turn and face the wall and began searching him.

18.    Without any physical provocation, Defendant Fuller attacked Plaintiff and threw him onto the metal bench, slammed his head against the bench, and then threw Plaintiff on the floor.

19.    Defendant Fuller landed on top of Plaintiff and placed his hands on Plaintiff's face and pressed his entire weight on his head.

20.    Defendant Fuller then kneeled on Plaintiff's face.

21.    At this point, Defendants White, Wing and Kennamer ran into the area where Plaintiff was being assaulted and began to attack Plaintiff.

22.    One or more of Defendants punched and kicked Plaintiff while he was on the ground.

3

23. Defendants Fuller and Guest, the command officers in the jail, joined the assault by spraying pepper spray into Plaintiff's mouth and face from point blank range.

24. One or more of Defendants then handcuffed Plaintiff's hands behind his back.

25. One or more of Defendants lifted Plaintiff off the ground by the handcuffs and slammed him into a concrete wall.

26. Defendant Fuller placed his hand on Plaintiff's neck under his jaw and bent Plaintiff's head back and pushed him into another room.

27. Defendant Fuller slammed Plaintiff's face onto the ground and then drove his full weight of 290 lbs onto Plaintiff's face.

28. Thereafter, one or more of Defendants placed Plaintiff in a restraint chair for several minutes and placed a hood over his face.

29. One or more of Defendants then took Plaintiff out of the restraint chair and threw him to the ground.

30. One or more of Defendants kneeled on him, hit him, and bent his wrists and arms in the opposite direction causing severe injury.

31. Defendant Nuckolls then tasered Plaintiff in his face and lower back.

32. One or more of Defendants then kneeled on top of Plaintiff for several minutes while they placed leg irons on him.

33. One or more of Defendants then strapped Plaintiff face down on a restraint bed in a cell for over two hours.

34. During the above-described incident, each Defendant, and all of them, acted in concert and aided and abetted one another while they violated Plaintiff's constitutional rights.

35. Plaintiff was released On September 19, 2010, without being charged.

36. On September 22, 2010, Plaintiff filed an FOIA request for video of the assault.

37. Genesee County refused to provide the video.

38. On November 15, 2010, Plaintiff filed an FOIA lawsuit to compel production of the video and records depicting and demonstrating the assault perpetrated against him.

39. Two weeks later, on November 29, 2010, one or more of Defendants caused a complaint to be filed against Plaintiff charging him with resisting and obstructing police officers by submitting police reports that contained materially false information.

40. On December 16, 2011, Defendant Fuller continued the illegal restraint by providing materially false testimony at Plaintiff's preliminary examination.

41. On October 11, 2012, days before the matter was set for trial on the resisting and obstructing charges, the matter was nolle prosequed for lack of probable cause after the Genesee County prosecutors reviewed the video depicting the assault on Plaintiff, the same events about which Defendants named herein provided material false police reports and testimony to perpetuate the unlawful restraint of Plaintiff, and to justify their unlawful assault of him.

## COUNT I

## CONSTITUTIONAL VIOLATIONS

42. The actions and/or omissions of Defendants as described above constitute violations of the United States Constitution as follows:

5

    a.     An unreasonable seizure, arrest, detention and prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

    b.     Excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43.    The rights at issue here were clearly established at the time of the constitutional violations, and any reasonable police officer should have been aware of Plaintiff's rights and should have recognized his actions violated said rights.

## DAMAGES

44.    As a direct and proximate result of the unconstitutional actions of the individual Defendants as set forth above, Plaintiff was caused the following injuries and damages, past and future, including but not limited to:

    a.     A cortical cataract resulting in severe and permanent damage to Plaintiff's vision.

    b.     A fractured naval cavity, eye orbital, and nasal spine.

    c.     Severe concussion and injuries to the head including multiple lacerations, bruises and contusions.

    d.     Electric shock and burn injuries.

    d.     Nerve damage to the left wrist and hand.

    e.     Shoulder injury.

    f.     Pain and suffering.

    g.     Mental anguish, stress and loss of the enjoyment of life and social activities.

    h.     Fear, anxiety, depression.

    i.     Special damages including medical expenses.

45.    As a result of the Defendants' unconstitutional actions and/or omissions, Plaintiff is entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages, and is entitled to recover punitive damages as Defendants' acts and/or omissions merit an award of same.

6

46.    Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42

USC § 1988.

WHEREFORE, Plaintiff respectfully requests judgment for damages against

each of Defendants in whatever amount a jury shall determine is reasonable, fair and

just, plus interest, costs and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

/s/Kevin Ernst
Kevin Ernst (P44223)
Counsel for Plaintiff

Date:  August 1, 2013