UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

              Plaintiff,

vs.

GENESEE COUNTY DEPUTIES PATRICK FULLER,
LT. ROBERT NUCKOLLS, DAVID KENAMER
SGT. KYLE GUEST, MARK WING, and JASON WHITE
Jointly and Severally,

              Defendants.

Case No. 13-13308
Hon. Avern Cohn

_____

ERNST LAW FIRM, PLC
By: KEVIN ERNST (P44223)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
ernstlawfirm@hotmail.com

PLUNKETT COONEY
H. William Reising (P19343)
Attorney for Defendants
111 E. Court St., Suite 1B
Flint, MI 48502
(810) 342-7001
Wreising@plunkettcooney.com

DEAN ELLIOTT, PLC
By: DEAN ELLIOTT (P60608)
Counsel for Plaintiff
321 S. Williams Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com

_____

**<u>JURY INSTRUCTIONS</u>**

## <u>FAITHFUL PERFORMANCE OF DUTIES, JURY<br>TO FOLLOW INSTRUCTIONS</u>

Members of the jury, the evidence and argument in this case have been completed and I will now instruct you as to the law.

Faithful performance by you of your duties is vital to the administration of justice.

The law you are to apply in this case is contained in these instructions, and it is your duty to follow them.  You must consider them as a whole and not pick out one or some instructions and disregard others.

Following my instructions you will go to the jury room and deliberate and decide on your verdict.

MI SJI 2d 3.01

## FACTS TO BE DETERMINED FROM EVIDENCE

It is your duty to determine the facts from evidence received in open court.  You are to apply the law to the facts and in this way decide the case.  Sympathy must not influence your decision.  Nor should your decision be influenced by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties.

MI SJI 2d 3.02

## ADMISSION OF EVIDENCE

The evidence you are to consider consists of testimony of witnesses and exhibits offered and received.  The admission of evidence in court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings, and you must not consider any exhibit to which an objection was sustained or any testimony which was ordered stricken.

MI SJI 2d 3.03

## ATTORNEYS' STATEMENTS NOT EVIDENCE;
## ADMISSION BY ATTORNEY

Arguments, statements and remarks of attorneys are not evidence, and you should disregard anything said by an attorney which is not supported by evidence or by your own general knowledge and experience.  However, an admission of a fact by an attorney is binding on his or her client.

MI SJI 2d 3.04

## <u>JURY TO CONSIDER ALL THE EVIDENCE</u>

In determining whether any fact has been proved, you shall consider all of the evidence bearing on that fact without regard to which party produced the evidence.

MI SJI 2d 3.09

## CONSIDERATION OF DEPOSITION EVIDENCE

During the trial, certain evidence was presented to you by the reading of depositions or prior court proceedings.  A deposition is a record of the sworn testimony of parties or witnesses taken before an authorized person.  All parties and their attorneys had the right to be present and to examine and cross-examine the witnesses.

This evidence is entitled to the same consideration as you would give the same testimony had the witness or witnesses testified in open court.

## JURORS MAY TAKE INTO ACCOUNT ORDINARY

## EXPERIENCE AND OBSERVATIONS

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable.  However, if you have personal knowledge of any particular fact in this case, such knowledge may not be used as evidence.

## EVIDENCE – DIRECT – INDIRECT or CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case.  One is direct evidence – such as the testimony of an eyewitness.   The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Devitt, Blackmar and Wolff, §72.03

**JURORS MAY TAKE INTO ACCOUNT**

**<u>ORDINARY EXPERIENCE AND OBSERVATIONS</u>**


You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable.  However, if you have personal knowledge of any particular fact in this case such knowledge may not be used as evidence.


MI SJI 2d 3.11

## **MORE THAN ONE DEFENDANT**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each defendant's defense is entitled to a fair consideration by you and is not to be prejudiced by the fact, if it should be come a fact, that you find against another defendant.  Unless otherwise stated, all instructions apply to each defendant.

U.S. Dist. Ct., WD MI CV 2.01

## CREDIBILITY OF WITNESSES

(1)  Another part of your duties as jurors is to decide how credible or believable each witness was.  This is your duty, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)  Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B).  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C).  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D).  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E).  Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F).  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.   Sometimes it may; other times it may not.   Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G).  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)  These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

U.S. Dist. Ct., WD MI CV 2.07

## <u>ALL PERSONS EQUAL BEFORE THE LAW – INDIVIDUALS</u>

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.


Devitt, Blackmar and Wolff, §71.03

## CREDIBILITY OF WITNESSES – POLICE OFFICER

You should consider the testimony of law enforcement officers just as any other evidence in the case, and in evaluating their credibility you should use the same guidelines that you apply to the testimony of any witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.

## **NUMBER OF WITNESSES**

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

MI SJI 2d 4.07

## **NUMBER OF WITNESSES**

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses that does not produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate and otherwise trustworthy.

Devitt, Blackmar and Wolff, §72.14

## OPINION EVIDENCE – EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify about opinions or conclusions.   Expert witnesses are the exception.  Witnesses who, by education and experience have become expert in some art, science, profession, or calling may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard that opinion entirely.

Devitt, Blackmar and Wolff, §72.08

## **ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

U.S. Dist. Ct., WD MI, CV 2.08A

## <u>LAWYERS' OBJECTIONS</u>

(1)  The lawyers for both sides objected to some of the things that were said or done during the trial.   Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(2).  And do not interpret my rulings on the lawyers' objections as any indications of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.   Remember that your decision must be based only on the evidence that you saw and heard here in court.

U.S. Dist. Ct., WD MI CV 2.14.

## <u>INTRODUCTION</u>

(1).    That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.   In a moment, I will explain the elements of the plaintiff's claims against the defendants.

(2).    But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case.   Your job is limited to deciding whether the plaintiff has proved the claims alleged in this case.


U.S. Dist. Ct. WD MI CV 3.01

## <u>PREPONDERANCE OF THE EVIDENCE</u>

(1)   The burden is on plaintiff to prove every essential element of his claim by a preponderance of the evidence.   If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

(2)  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.   In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.   If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3)  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.   Furthermore, this does not require proof beyond a reasonable doubt.   Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.   It does not apply in civil cases such as this.


U.S. Dist. Ct., WD MI CV 3.02

## **BURDEN OF PROOF**

(1)  In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

(2)  If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

U.S. Dist. Ct., WD MI CV 3.02A

## ELEMENTS OF §1983

The plaintiff has filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in an official capacity.  In order to prevail on this claim, the plaintiff must prove two things:

1. that the defendants acted under color of law; and

2. that the defendants deprived the plaintiffs of one or more constitutional rights.

Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3 ed) §12:3.

## COLOR OF LAW (WHERE UNCONTESTED)

"Acting under color of law" simply means acting in one's capacity as a police officer.  There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3 ed) §12:4.

## CONSTITUTIONAL RIGHTS PROTECTED BY 42 USC 1983

You are instructed as a matter of law that under the Fourth Amendment to the Constitution of the United States, every citizen has a right to be free from unreasonable search and seizure, which includes the right to be free from excessive use of force, and to be free from prosecution in the absence of probable cause.

Plaintiff's detention and his prosecution are each considered an seizure under the Fourth Amendment.  You must keep this in mind when I use the word "detention and prosecution" in these instructions.

You are further instructed that the federal civil rights statute under which the Plaintiff sues provides that a person may seek relief in Federal Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

## <u>NO SPECIFIC INTENT REQUIRED</u>

It is not necessary to find that the Defendants had any specific intent to deprive the Plaintiff of his Constitutional rights, or that they acted with malice or ill will in order to find for the Plaintiff.  The Plaintiff is entitled to relief if the Defendants' intended actions resulted in a violation of his constitutional rights.  Whether any of the officers acted with subjective good faith or evil motive is irrelevant in determining whether the officers used excessive force in arresting Plaintiff.

## **JOINT TORTFEASORS**

In this case there are two individual Defendants and you must determine whether either or both of them are liable to the Plaintiff. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the Plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

## **EXCESSIVE FORCE  FOURTH AMENDMENT STANDARD**

Plaintiff claims that he was subjected to excessive force by the Defendants during his detention.  In that regard, as previously mentioned, every person has the Constitutional right to be free from unreasonable or excessive force while being detained by a law enforcement officer.

There is no precise definition or formula available for determining whether force is excessive in a particular case.  In determining whether the Defendants used excessive force, the relationship between the need and the amount of force that was used, the severity of the crime at issue, whether the subject poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish a lawful purpose.  Thus, if you find that the defendants used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendants are liable for a violation of the plaintiff's constitutional rights.

Derived from Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3 ed) §12:20.

## **EXCESSIVE FORCE—CRITERIA**

There is no occasion for the use of any force against a  restrained person who  is
securely in custody.  Beating and kicking restrained suspects who are in the control of
the police is "plainly excessive" force.  The need for force is "nonexistent" when a
suspect is handcuffed and not trying to resist or escape.

Feemster v. Dehntjer, 661 F.2d 87, 89 (8th Cir. 1981) Cox v Treadway, 75 F.3d 230,
234 (6th Cir. 1996), McDowell v Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988)

**<u>EXCESSIVE FORCE—OBJECTIVE TEST</u>**

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer.  It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant himself.  Evil intentions on the part of the officer will not establish a constitutional violation if the force used was objectively reasonable.  At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.


Avery, Rudousky and Blum, <u>Police Misconduct Law and Litigation</u> (3 ed) §12.22.

**RIGHT TO RESIST AN UNLAWFUL ARREST**

A citizen has a right to resist an unlawful seizure.  However, the amount of force a citizen may use to resist an unlawful seizure must be reasonable under the circumstances.

## §1983 UNLAWFUL PROSECUTION, ELEMENTS

Plaintiff claims Defendants Fuller and Kenamer are liable for unlawful prosecution under 42 USC 1983.  To prove his unlawful prosecution claim, Plaintiff must prove the following elements:

1) Defendants Fuller initiated or continued a criminal prosecution,

2) the proceeding terminated in the Plaintiff's favor, and

3) there was no probable cause for the prosecution.

Derived from Yagman, Police Misconduct and Civil Rights, Federal Jury Practice and Instructions (2 ed), §1-4.2

## NOLLE PROSEQUI AND DISMISSAL OF CHARGES

In this case, the criminal charge was dismissed  after the prosecutor "nolled" the charges in state court. This phrase is a shortened version of the Latin term "nolle prosequi," which means that the state decided not to prosecute. This is a matter solely within the discretion of the prosecutor and he may choose to nolle a case for any reason, or even without a stated reason. This decision by the state prosecutors does not necessarily establish the lack of probable cause.   But a dismissal does mean that the proceeding terminated in the Plaintiff's favor. You must determine whether there was probable cause based upon the facts and circumstances known to the police officer at the time of the prosecution.

**SJI 8.01.3;** Derived from Yagman, <u>Police Misconduct and Civil Rights, Federal Jury Practice and Instructions</u> (2 ed), §1-4.3

## PROBABLE CAUSE TEST

As I also indicated earlier, the test for probable cause is whether the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a objectively reasonable officer to believe the suspect has committed a crime.  A mere possibility that the person has committed a crime is not enough. There must be enough

actual evidence to reasonably lead to the conclusion that the suspect has committed a crime. The test for probable cause is an objective inquiry, rather than a subjective one. If the facts and circumstances, viewed objectively, support a finding of probable cause, the arresting officer's actual motives are irrelevant.

You must decide whether Defendants Fuller  and Kenamer had probable cause to believe that Plaintiff committed the crime of  **Assaulting, Resisting, or Obstructing a Police Officer**.

The **Elements of that crime are:**

**First**, that the defendant [assaulted / battered / wounded / resisted / obstructed / opposed / endangered] a deputy sheriff.  ["Obstruct" includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command. The defendant must have actually resisted by what he said or did, but physical violence is not necessary.

 **Second**, that the defendant knew or had reason to know that the person was a deputy performing his duties at the time.

Yagman, Section 1983 Federal Jury Practice and Instructions,  §1-1.51; **CJI2d 13.1**

## **PROXIMATE CAUSE**

If you believe that Plaintiff's constitutional rights were violated you must then consider the violations proximately caused injury or damage to Plaintiff. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

U.S. Dist. Ct., WD MI, CV 3.03A

## MORE THAN ONE PROXIMATE CAUSE

The law does not necessarily recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

Devitt, Blackmar and Wolff, §80.19

## **CONSIDER DAMAGES ONLY IF NECESSARY**

If the Plaintiff has proven a claim against a defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled.  You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.  It is your task first to decide whether a defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that a defendant is liable and that the plaintiff is entitled to recover money from the defendant.

U.S. Dist. Ct., WD MI CV3.04

## <u>DAMAGES—REASONABLE—NOT SPECULATIVE</u>

(1) Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendants' acts or omissions.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  On the other hand, compensatory damages are not restricted to actual loss of injury—tangible and intangible.  They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

(2) You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

U.S. Dist. Ct., WD MI CV 3.04A

## <u>DAMAGE CLAIMS FOR PERSONAL INJURIES – IN GENERAL</u>

If you find in favor of the Plaintiff, then you should award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

**INJURY, PAIN, DISABILITY, DISFIGUREMENT, LOSS OF CAPACITY**

<u>**FOR ENJOYMENT OF LIFE**</u>

If you find for plaintiff you should compensate him by awarding him money damages for any bodily injury and any resulting pain and suffering, disability, disfigurement, mental anguish, and loss of enjoyment of life and social pleasure, embarrassment, humiliation or mortification, experienced in the past and which you find from the evidence that he is reasonably certain to suffer in the future from the injury in question.  No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced.  In that respect, it is not the value you are trying to determine, but an amount that will fairly compensate the Plaintiff for the damage he has suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.  Any such award should be fair and just in the light of evidence.

Devitt, Blackmar and Wolff, §85.01

**AGGRAVATION OR ACTIVATION OF DISEASE OR DEFECT**

If you find for Plaintiff, you should compensate him for any aggravation of an existing disease or physical defect (or activation of any such latent condition), resulting from such injury.  If you find that there was such an aggravation, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation.  However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

**PUNITIVE DAMAGES**

If you decide in favor of Plaintiff on his excessive force claim and/or his unlawful prosecution claim, you may decide whether the plaintiff is entitled to the award of any punitive damages.  The function of punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others.  Whether you decide to award any punitive damages should be based on whether you find that the defendants acted  maliciously,  wantonly or  oppressively.  If you find that the defendants have done one of those things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages.  That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.

Avery, Rudousky and Blum, Police Misconduct, Law and Litigation, (3 ed) §12:37

### DAMAGES - PUNITIVE AND EXEMPLARY - WHEN CAUSED BY INTENTIONAL <u>TORT</u> - "<u>MALICIOUSLY</u>" - "<u>WANTONLY</u>" - "<u>OPPRESSIVELY</u>" - <u>DEFINED</u>

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

When deciding whether to award punitive damages you may consider whether the conduct is an isolated incident or is repeated misconduct, whether the misconduct involves violence, whether the misconduct involves mere negligence or something more severe.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that the Defendant's act or omission, which proximately caused actual damage to the Plaintiff, was maliciously or wantonly or oppressively done; but you should always

bear in mind that such extraordinary damages may be allowed only if you should

first unanimously award the Plaintiff a verdict for actual or compensatory damages.

And, you should also bear n mind, not only the conditions an award of punitive and

exemplary damages to be made, but also the requirement of the law that the

amount of such extraordinary damages, when awarded, must be fixed with calm

discretion and sound reason, and must never be either awarded, or fixed in

amount, because of any sympathy, or bias, or prejudice with respect to any party

to the case.

BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 576 (1996)

## **COURT HAS NO OPINION**

Let me emphasize something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.

U.S. Dist. Ct., WD MI CV 9.09

**JURY DELIBERATIONS**

When you go to the jury room, your deliberations should be conducted in a businesslike manner.  You should first select a foreperson.  She or he should see to it that the discussion goes forward in an orderly fashion and that each juror has full opportunity to discuss the issues.

When all of you agree upon a verdict, it will be received as your verdict.  In your deliberations, you should weigh the evidence with an open mind and consideration for each other's opinions.

If differences of opinion arise, you should discuss them in a spirit of fairness and frankness.  You should express not only your opinion but also the facts and reasons upon which you base it.

In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced that it is wrong.  However, none of you should surrender your honest conviction as to the weight and effect of the evidence or lack of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

If you wish to communicate with me or examine the exhibits while you are deliberating, please have your foreperson write a note and give it to the bailiff.

During your deliberations, and before you reach a verdict, you must not disclose anything about your discussions to others outside the jury room, not even how your voting stands.  Therefore, until you reach a verdict, do not disclose that information, even in the courtroom.

Derived from MI SJI 2d, 60.01

## ELECTION OF FOREPERSON -- GENERAL VERDICT

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

## VERDICT - DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that five jurors agree.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

## COMMUNICATIONS BETWEEN COURT AND JURY

### *DURING JURY'S DELIBERATIONS*

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by the foreperson, by way of one of the Court staff members.

When you reach an agreement as to the verdict, you should send a note to the staff, signed by the foreperson, on which you shall state only that a verdict has been reached.

## VERDICT FORMS -- JURY'S RESPONSIBILITY

It is proper to add the caution that nothing said in these instructions -- nothing in any form of verdict prepared for your convenience -- is to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## JURY INSTRUCTIONS

I will give you a copy of these instructions for your use while deliberating.  It is available to each of you.  If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

I am also sending in all of the exhibits with you for your use while deliberating.

## **VERDICT FORM PROVIDED**

    (1)  I have prepared verdict forms for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be agreed by a minimum of five of you.  When five of you agree upon a verdict, it will be received as your verdict.

U.S. Dist. Ct., WD MI CV 9.05

## **VERDICT FORM**

We the jury find as follows:


1.      Did  Defendants use excessive force against Plaintiff.


**ANSWER:**      _____ Yes                    _____ No


2.      Did Defendants Fuller or Kenamer unlawfully prosecute Plaintiff?


**ANSWER:**      _____ Yes                    _____ No


If you have found for Defendants in paragraphs 1 and 2 proceed no further. If you have found for Plaintiff in paragraph 1 or 2, proceed to questions 3 and 4.

3.      We award Plaintiff $_____ in compensatory damages.


If you have awarded Plaintiff any compensatory damages, proceed.


4.      We award Plaintiff $_____ in punitive damages as to Defendant Fuller.


5.      We award Plaintiff $_____ in punitive damages as to Defendant Guest.


6.      We award Plaintiff $_____ in punitive damages as to Defendant Kenamer


7.      We award Plaintiff $_____ in punitive damages as to Defendant Nuckles..

  
8.     We award Plaintiff $_____ in punitive damages as to Defendant Wing.

9.     We award Plaintiff $_____ in punitive damages as to Defendant White


_____          _____
                Foreperson                                        Dated