UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

                                                 Case no. 13-13308
                                                 HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

    Defendants.

| ERNST LAW FIRM PLC | PLUNKETT COONEY |
|---|---|
| Kevin Ernst P44223 | H. William Reising P19343 |
| Attorney for Plaintiff | Christopher J. Scott P65367 |
| 645 Griswold, Suite 4100 | Attorney for Defendants |
| Detroit, MI  48226 | 111 E. Court Street, Suite 1B |
| 313-965-5555 | Flint, MI  48502 |
| ernstlawfirm@hotmail.com | 810-342-7001 |
|  | wreising@plunkettcooney.com |
| DEAN ELLIOTT PLC | |
| Dean Elliott P60608 | |
| Co-Counsel for Plaintiff | |
| 321 S. Williams Street | |
| Royal Oak, MI  48607 | |
| 248-251-0001 | |
| dean@deanelliottplc.com | |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTERNAL POLICIES/PROCEDURES

1

NOW COME Defendants, by and through their attorneys, PLUNKETT COONEY, and for their Motion in Limine to Preclude Internal Policies/Procedures, hereby states as follows:

1. Plaintiff's Complaint does not contain claims against Genesee County and/or claims regarding alleged unconstitutional policies, procedures or customs. (Doc #1). The only claims in this matter allege excessive force and unlawful prosection against Defendants, in their individual capacities.

2. Upon information and belief, Plaintiff may seek to introduce the use of force policies and other policies of the Office of the Genesee County Sheriff and Genesee County at the time of trial.

3. Departmental policies and procedures do not create a legal standard and are irrelevant to the determination of whether Defendants' conduct was reasonable with respect to the amount of force used against the resisting decedent. See Smith v. Freland, 954 F.2d 343 (6th Cir. 1992).

4. Given the above, such policies must be excluded based upon a lack of relevance (Fed. R. Evid. 401 & 402) and also because any probative value would be significantly outweighed by the danger of unfair prejudice, confusion of the issues and the potential for the jury to be misled. (Fed. R. Evid. 403).

5. Defendants' counsel has contacted Plaintiff's counsel by phone and during the Final Pretrial Conference, advised of this motion and its basis, and sought, but was unable to obtain, concurrence.

WHEREFORE, Defendants pray this Honorable Court GRANT their Motion in Limine to Preclude Internal Policies/Procedures, and exclude the introduction of evidence or testimony concerning the internal policies and procedures of Genesee County and the Office of the Genesee County Sheriff, including but not limited to policies relating to police/jail procedures, the use of force, and the use of restraints regarding any alleged wrong doing by Defendants.

By: /s/H. William Reising
H. William Reising (P19343)
Christopher J. Scott (P65367)
Attorneys for Defendants
111 E. Court Street, Suite 1B
Flint, MI  48502
810-342-7001
wreising@plunkettcooney.com

Dated: 4-14-16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

                                      Case no. 13-13308
                                      HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

    Defendants.

| ERNST LAW FIRM PLC | PLUNKETT COONEY |
|---|---|
| Kevin Ernst P44223 | H. William Reising P19343 |
| Attorney for Plaintiff | Christopher J. Scott P65367 |
| 645 Griswold, Suite 4100 | Attorney for Defendants |
| Detroit, MI 48226 | 111 E. Court Street, Suite 1B |
| 313-965-5555 | Flint, MI 48502 |
| ernstlawfirm@hotmail.com | 810-342-7001 |
| | wreising@plunkettcooney.com |
| DEAN ELLIOTT PLC | |
| Dean Elliott P60608 | |
| Co-Counsel for Plaintiff | |
| 321 S. Williams Street | |
| Royal Oak, MI 48607 | |
| 248-251-0001 | |
| dean@deanelliottplc.com | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTERNAL POLICIES/PROCEDURES

## **QUESTION PRESENTED**

1. Should Plaintiff be permitted to introduce evidence of the internal policies and procedures when the only claims are against the individuals, rendering the information irrelevant and prejudicial?

# CONTROLLING/APPROPRIATE AUTHORITIES

**Cases:**

Figgins v. Advance America Cash Advance Centers of Mich., Inc., 42 F. Supp. 2d 861 (E.D. Mich. 2007).

Smith v. Freland, 954 F.2d 343 (6th. Cir. 1992)

United States v. Ross, 588 F. Supp. 2d 777 (E.D. Mich. 2008).

**Rules:**

Fed. R. Evid. 103(c)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

**Introduction and Statement of Facts**

At issue in this case is whether Defendants used excessive force against Plaintiff, who was intoxicated and non-compliant while in the Genesee County Jail and actively resisting deputies. Upon information and belief based upon certain discovery requests and lines of deposition questioning, Plaintiff may seek to introduce evidence concerning the policies and procedures of Genesee County and the Office of the Genesee County Sheriff concerning the use of force, police/jail procedures and other policies. These policies are irrelevant to the question at issue and must accordingly be excluded. Fed. R. Evid. 401 & 402. In addition, the admission of these policies at trial creates a high potential for the jury to be confused or misled with respect to the legal standards applicable in this case and, as they have no probative value, exclusion of these policies is warranted pursuant to Fed. R. Evid. 403 as well.

**Motion Standards**

A motion in limine is a formal mechanism for obtaining advanced rulings on the admissibility of evidence "to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Evid. 103(c); Figgins v. Advance America Cash Advance Centers of Mich., Inc., 42 F. Supp. 2d 861 (E.D. Mich. 2007). A motion in limine may also serve the following ends:

1

"(i) to facilitate trial preparation by providing information pertinent to strategic decisions;

(ii) to reduce distractions during trial and provide for a smoother presentation of evidence to the jury;

(iii) to enhance the possibility of settlement disputes without trial;

(iv) to provide some additional insulation of the jury from prejudicial inadmissible evidence; and

(v) to improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial." Figgins, supra.

## Law and Analysis

It is believed that Plaintiff will attempt to introduce evidence concerning Genesee County and the Office of the Genesee County Sheriff's use of force policies and other procedures to support his excessive force claim. These policies and procedures are inadmissible because they are irrelevant to the legal issues in this case and could mislead or unfairly prejudice the jury. The question before the jury must be based on the applicable legal standards, not the Jail's internal ones.

Relevant evidence is defined in by the Federal Rules as evidence that makes the existence of any consequential fact more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Additionally, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

2

prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. "Unfair prejudice can result when evidence that is only marginally probative tends to be given preemptive weight by the jury substantially out of proportion to its logical force." United States v. Ross, 588 F. Supp. 2d 777, 784-85 (E.D. Mich. 2008). It is within this Court's discretion to exclude such evidence. Id. Both circumstances exist with regard to the internal policies and procedures of Genesee County and the Office of the Genesee County Sheriff.

The internal policies and procedures of a municipality are not relevant for determining whether or not its employees used excessive force. The Sixth Circuit has considered this issue and held that such policies are irrelevant. In Smith v. Freland, 954 F.2d 343 (6th. Cir. 1992), the Sixth Circuit ruled that the officer's use of force was justified, irrespective of whether the officer's actions violated use of force departmental policies, stating:

> [T]he fact that Officer Schulcz's actions may have violated Springdale's policies regarding police use of force does not require a different result. Under § 1983, the issue is whether Officer Schulcz violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983. To hold that cities with strict policies commit more constitutional violations than those with lax policies would be an unwarranted extension of the law, as well as a violation of common sense. Ms. Smith's position, if adopted, would encourage all governments to adopt the least restrictive policies possible. Id.

3

The County and Sheriff's internal policies have no application to the legal standards at issue in this case. They cannot serve to alter the standard of force to be used against a resisting individual to decide whether Defendants' actions were justified. They cannot impact the question of liability as to Plaintiff's excessive force claim. The internal policies and procedures are irrelevant and must be excluded pursuant to Fed. R. Evid. 401 & 402.

Given their complete lack of probative value, the potential for the jury to be confused or misled by the internal policies and procedures warrants their exclusion under Fed. R. Evid. 403 as well. The introduction of the internal standards of Genesee County and the Office of the Genesee County Sheriff may likely result in the jury confusing the County and Sheriff's standards with the legal standard at issue. See Tanberg v. Sholtis, 401 F.3d 1151, 1161-67 (10th Cir. 2005) (granting defendants' motion in limine to exclude a police department's standard operating practices relating to use of force because they were irrelevant to federal claims and were likely to cause confusion); Smith, supra at 347. The internal policies and procedures must be precluded as the prejudicial effect substantially outweighs any probative value. Fed. R. Evid. 403.

WHEREFORE, Defendants pray this Honorable Court GRANT their Motion in Limine to Preclude Internal Policies/Procedures, and exclude the introduction of evidence or testimony concerning the internal policies and procedures of Genesee

4

County and the Office of the Genesee County Sheriff, including but not limited to policies relating to police/jail procedures, the use of force, and the use of restraints regarding any alleged wrong doing by Defendants.

>By:  /s/H. William Reising
> H. William Reising (P19343)
> Christopher J. Scott (P65367)
> Attorneys for Defendants
> 111 E. Court Street, Suite 1B
> Flint, MI   48502
> 810-342-7001
> wreising@plunkettcooney.com

Dated:  4-14-16

## CERTIFICATE OF SERVICE

H. William Reising certifies that a copy of the foregoing DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTERNAL POLICIES/PROCEDURES, BRIEF IN SUPPORT and this Certificate of Service was served upon all counsel of record in the above cause via email on April 14, 2016 pursuant to the ECF notification system; and a Judge's copy via US First Class Mail.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

> /s/ H. William Reising
> H. WILLIAM REISING

Open.06002.32468.16755097-1