UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

                              Case no. 13-13308
                              HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

    Defendants.

| ERNST LAW FIRM PLC | PLUNKETT COONEY |
|---|---|
| Kevin Ernst P44223 | H. William Reising P19343 |
| Attorney for Plaintiff | Christopher J. Scott P65367 |
| 645 Griswold, Suite 4100 | Attorney for Defendants |
| Detroit, MI  48226 | 111 E. Court Street, Suite 1B |
| 313-965-5555 | Flint, MI  48502 |
| ernstlawfirm@hotmail.com | 810-342-7001 |
| | wreising@plunkettcooney.com |
| DEAN ELLIOTT PLC | |
| Dean Elliott P60608 | |
| Co-Counsel for Plaintiff | |
| 321 S. Williams Street | |
| Royal Oak, MI  48607 | |
| 248-251-0001 | |
| dean@deanelliottplc.com | |

**<u>DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
EVIDENCE/ARGUMENT REGARDING UNREASONABLE
SEIZURE, ARREST, DETENTION AND PROSECUTION IN
VIOLATION OF THE 4TH AND 14TH AMENDMENTS</u>**

1

NOW COME Defendants, by and through their attorneys, PLUNKETT COONEY, and for their Motion in Limine to Preclude Evidence/Argument Regarding Unreasonable Seizure, Arrest, Detention and Prosecution in Violation of the 4th and 14th Amendments, hereby states as follows:

1. Plaintiff's Complaint alleges a constitutional violation claim concerning:

   (a) An unreasonable seizure, arrest, detention and prosecution in violation of the 4th and 14th Amendments to the United States Constitution. Plaintiff's Complaint (Doc. #1)

2. Plaintiff should be precluded from arguing unreasonable seizure, arrest, detention and prosecution.

WHEREFORE, Defendants respectfully request this Honorable Court grant their Motion in Limine and preclude any claim, evidence, or assertion of unlawful seizure, arrest, detention and prosecution.

By: /s/H. William Reising<br>
H. William Reising (P19343)<br>
Christopher J. Scott (P65367)<br>
Attorneys for Defendants<br>
111 E. Court Street, Suite 1B<br>
Flint, MI   48502<br>
810-342-7001<br>
wreising@plunkettcooney.com

Dated:  April 20, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

                                                      Case no. 13-13308
                                                      HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

    Defendants.

| | |
|---|---|
| ERNST LAW FIRM PLC<br>Kevin Ernst P44223<br>Attorney for Plaintiff<br>645 Griswold, Suite 4100<br>Detroit, MI 48226<br>313-965-5555<br>ernstlawfirm@hotmail.com<br><br>DEAN ELLIOTT PLC<br>Dean Elliott P60608<br>Co-Counsel for Plaintiff<br>321 S. Williams Street<br>Royal Oak, MI 48607<br>248-251-0001<br>dean@deanelliottplc.com | PLUNKETT COONEY<br>H. William Reising P19343<br>Christopher J. Scott P65367<br>Attorney for Defendants<br>111 E. Court Street, Suite 1B<br>Flint, MI 48502<br>810-342-7001<br>wreising@plunkettcooney.com |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE/ARGUMENT REGARDING UNREASONABLE SEIZURE, ARREST, DETENTION AND PROSECUTION IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS**

1

## **QUESTION PRESENTED**

1. Has Plaintiff stated a proper claim regarding unreasonable seizure, arrest, detention and prosecution in violation of the 4th and 14th Amendment of the United States Constitution?

   Defendants answer No.

   Plaintiffs presumably answer Yes.

# CONTROLLING/APPROPRIATE AUTHORITIES

**Cases:**

*Albright v. Oliver,* 510 U.S. 266 (1994)……………….. 3

*Allen v McCurry*, 449 US 90, 101 S.Ct. 411; 66 L.Ed.2d 308 (1980)……………………………………. 2

*Coogan v City of Wixom*, 820 F.2d 170, 175 (CA6, 1987)…………………………………………… 2

*Frantz v Village of Bradford*, 245 F.3d 869, 874 (CA6, 2001)…………………………………………. 2

*Haring v Prosise*, 462 US 306, 303 (1983)…………………. 2

*Lambert v. Williams,* 223 F3d 257, 262 (4th Cir. 2000)……… 3

1.  **Plaintiff's Unreasonable Prosecution Claim is Collaterally Estopped.**

Plaintiff's claim in 14th Amendment claims regarding unreasonable seizure, arrest, detention, and prosecution are collateral estopped. The felony complaint filed against Plaintiff for assaulting a police officer was brought by Complainant, Lieutenant Michael Tocarchick and approved by Genesee County Assistant Prosecutor, Christopher Larobardiere. **(Exhibit A, Felony Complaint)**. Due to the Defendants in the instant loss suit, Deputy David Kenamer and Patrick Fuller were listed as "witnesses." **(Exhibit A)**.

As a result of the charges against Plaintiff, Deputy Fuller testified at the preliminary examination in 68th District Court. Specifically, Deputy Fuller provided extensive testimony regarding Plaintiff resisting oral commands, physical attempts to restrain, and being assaulted. In fact, Deputy Fuller testified that Plaintiff bit him on the hand and was spitting on officers. **(Exhibit B, Preliminary Exam Transcript)**. 68th District Court Judge Cathy Dowd found probable cause for the felony charges against Plaintiff and bound him over to circuit court.

In cases in which the issue to probable cause is litigated at a preliminary hearing, a party is precluded from re-litigating it in subsequent litigation:

> Where the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose a

1

>re-litigation of that finding in subsequent § 1983 action. *Coogan v City of Wixom*, 820 F.2d 170, 175 (CA6, 1987). Overruled on other grounds by *Frantz v Village of Bradford*, 245 F.3d 869, 874 (CA6, 2001).

Federal courts have traditionally adhered to doctrines of *res judicata* and *collateral estoppel*. See *Allen v McCurry*, 449 US 90, 101 S.Ct. 411; 66 L.Ed.2d 308 (1980). The Supreme Court has determined that a court must apply the state law of *collateral estoppel* when deciding whether the state court's determination of probable cause at the preliminary hearing has preclusive effect in a subsequent action. *Haring v Prosise*, 462 US 306, 303 (1983).

In the instant case, there is no question that probable cause was found at preliminary exam and that Plaintiff pled guilty to the original charges that resulted in Plaintiff being at Genesee County Jail at the time of the incident. As such, Plaintiff is *collaterally estopped* from asserting Fourth or Fourteenth Amendment violations relating to his arrest, detention or prosecution.

**2.     The Law Does Not Recognize Any Claim for Unreasonable Prosecution or Malicious Prosecution Under the 4th or 14th Amendments to the Constitution of the United States.**

Plaintiff contents that he has been unreasonably prosecuted and that such prosecution violates his rights pursuant to the Constitution of the United States. However, no such rights exist under the Constitution. To the extent any such right exists, it is not clearly established under the circumstances of this case and,

2

therefore, they are entitled to dismissal and/or qualified immunity regarding any such claims.

The United States Supreme Court has addressed the availability of a federal malicious prosecution type claim. In the seminal case of *Albright v. Oliver,* 510 U.S. 266 (1994), the Supreme Court rejected the idea of a §1983 claim for malicious prosecution in the substantive due process guarantees of the 14th Amendment. Id. at 275, 281, 283, and 291.

Further, Fourth Circuit has specifically found that "there is no such thing as a §1983 malicious prosecution claim." *Lambert v. Williams,* 223 F3d 257, 262 (4th Cir. 2000). Thus, Plaintiff has not properly pled a claim involving unreasonable prosecution and/or malicious prosecution. Thus, any evidence or claim in this regard should be precluded.

3. **The Charges Against Plaintiff Were Not Dismissed as a Result of Lack of Evidence.**

On October 10, 2012, a hearing was held before Genesee County Circuit Court Judge Judith Fullerton regarding Plaintiff's felony charges. During that hearing, Genesee County Assistant Prosecutor, Rebecca Ann Jurva-Brinn, stated the following: "Due to the fact that it is our understanding the Defendant is quite ill, and also due to the age of the case, that it was not an interest of justice to proceed to trial in this case and so, therefore, we are moving to dismiss." (**Exhibit C, Miscellaneous Hearing Transcript, p. 3**).

3

Given the clear record regarding the reasons for dismissing Plaintiff's felony charges, the dismissal had nothing to do with lack of evidence, the testimony of any Defendant in this case, or any statements by any Defendant in this case. Simply put, there is no evidence of unreasonable, malicious or improper prosecution. Even if there were evidence of improper prosecution, none of the Defendants in the instant case are culpable. At best, Defendants in the instant case are merely witnesses to an incident that resulted in criminal charges brought by non-parties to this case.

## CONCLUSION

There is no legal support for Plaintiff's claims regarding unreasonable seizure, arrest, detention, and prosecution. The claims are collaterally estopped, improper, and not supported by admissible evidence. Thus, any effort by Plaintiff to proceed with such claims should be precluded.

WHEREFORE, Defendants respectfully request this Honorable Court grant their Motion in Limine and preclude any claim, evidence, or assertion of unlawful seizure, arrest, detention and prosecution.

By: /s/H. William Reising
H. William Reising (P19343)
Christopher J. Scott (P65367)
Attorneys for Defendants
111 E. Court Street, Suite 1B
Flint, MI 48502
810-342-7001

Dated: April 20, 2016   wreising@plunkettcooney.com

4

## **CERTIFICATE OF SERVICE**

H. William Reising certifies that a copy of the foregoing DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE/ARGUMENT REGARDING UNREASONABLE SEIZURE, ARREST, DETENTION AND PROSECUTION IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BRIEF IN SUPPORT and this Certificate of Service was served upon all counsel of record in the above cause via email on April 20, 2016 pursuant to the ECF notification system; and a Judge's copy via US First Class Mail. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

/s/ H. William Reising
H. WILLIAM REISING

Open.06002.32468.16813452-1