UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

     Plaintiff,

                                 Case no. 13-13308
                                 HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

     Defendants.

| ERNST LAW FIRM PLC | PLUNKETT COONEY |
|---|---|
| Kevin Ernst P44223 | H. William Reising P19343 |
| Attorney for Plaintiff | Christopher J. Scott P65367 |
| 645 Griswold, Suite 4100 | Attorney for Defendants |
| Detroit, MI 48226 | 111 E. Court Street, Suite 1B |
| 313-965-5555 | Flint, MI 48502 |
| ernstlawfirm@hotmail.com | 810-342-7001 |
| | wreising@plunkettcooney.com |
| DEAN ELLIOTT PLC | |
| Dean Elliott P60608 | |
| Co-Counsel for Plaintiff | |
| 321 S. Williams Street | |
| Royal Oak, MI 48607 | |
| 248-251-0001 | |
| dean@deanelliottplc.com | |

**Defendants' Proposed Joint Civil Jury Instructions**

### § 103.01 General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### § 103.04  Juror use of electronic communication technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

## CV 2.02  Jurors' Duties (Western District)

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

4

### CV 2.03  All Persons Equal Before the Law (Western District)

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

## Police Officer and Civilian Witness

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case. In evaluating the credibility of a police officer's testimony, you should follow the same guidelines which you apply to the testimony of any other witness.

You should not give greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

*Section 1983 Litigation Jury Instructions,* **Volume 4, Instruction #2.03.7, Schwartz and Pratt, Aspen Publishers, 2003 (modified);**

*United States of America v Boyd,* **54 F.3d 868, 72 (CA DC, 1995)**

### § 103.30 Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## § 103.34  Questions not evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.

## CV 2.14  Lawyers' Objections (Western District)

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## § 104.04  "If you find" or "if you decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

## § 104.05  Direct and circumstantial evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## § 104.20  Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## § 104.54  Number of witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of act in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**CV 2.08B  Single Witness (Western District)**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## § 105.01  Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## § 105.02  Use of depositions as evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

### § 105.04 Impeachment—Inconsistent statement or conduct (falsus in uno falsus in omnibus)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

### § 105.11  All available witnesses or evidence need not be produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## CV 3.01  Introduction (Western District)

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claims against the defendants.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claims alleged in this case.

## CV 3.02  Preponderance of the Evidence (Western District)

The burden is on plaintiff to prove every essential element of a claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claims by a preponderance of the evidence, you should find for the defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

## CV 3.02A  Burden of Proof (Western District)

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## § 165.01  Nature of Action

Plaintiff claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to him by the Fourth and Fourteenth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiff William Jennings alleges that the Defendant corrections officers subjected him to a deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free from the excessive use of force.

Defendants deny that any of their actions during the time in question violated the plaintiff's constitutional rights. Defendants maintain that their actions were reasonable. Defendants further claim that they are not guilty of any fault or wrongdoing in regard to the incident sued upon.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition (modified)**

### § 165.10  Generally

The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested without due process of law. Every person also has the right under the Constitution to be secure in the person's home or dwelling against unreasonable searches. Finally, every person has the constitutional right not to be subjected to excessive force.

Section 1983, the federal civil rights statute under which plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

### Section 1983- Its Function and Elements of Claim for Relief

Plaintiff has asserted a Fourteenth Amendment excessive force claim under a federal civil rights law which is found 42 United States Code, Section 1983.

This statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that every person who, under color of state law, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and federal laws, shall be liable to the party injured for damages.

Section 1983, the federal civil rights statute under which plaintiff bring this action, provides that a person may seek relief in this court by way of damages against a police officer who subjects plaintiff to the deprivation of any rights, privileges, or immunities secured or protected by the United States Constitution or laws of the United States.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition, § 165.10 (modified)**

**42 U.S.C. § 1983**

## § 165.40. Under color of state law

As to the element that plaintiff must prove, which is that defendants were acting under color of state law, acts are done "under color of … law" of a state, not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. The phrase "under color of state," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or any state or local custom.

There is no dispute in this case that defendants' actions were acts done under color of state law.

## § 165.50. Generally

Plaintiff must also prove he suffered injuries as a proximate cause of defendants' acts.

An injury or damage is proximately cause by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendants.

## CV 3.03A  Proximate Cause (Western District)

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## More than One Proximate Cause

There may be more than one proximate cause. To be a proximate cause, the claimed conduct need not be the only cause or the last cause. A cause may be proximate although it and another act at the same time or in combination to produce the occurrence.

**M Civ JI 15.03**

**CV 3.03B  Proximate Cause and Proximately Contributed (Western District)**

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendants' actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendants' conduct.

## § 165.23. Excessive Force

Plaintiff claims the Defendants used excessive force against him.  Whether or not the force used was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent corrections officer would have applied under the circumstances shown from the evidence received in this case. In determining whether the defendants used excessive force, you may consider:

1. The need for the application of force,

2. The relationship between the need and the amount of force used, and

3. The threat reasonably perceived by the responsible officials

These factors are not the only factors you can consider in determining whether Defendants used excessive force. The question you must ultimately decide is whether Defendants' use of force was reasonable under all of the circumstances

The reasonableness of a particular use of force must be judged from the perspective of a reasonable corrections officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that corrections officers are often forced to make split-second judgments—under circumstances

that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that plaintiff has proven his claim, you must then consider the defense that Defendants' conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and in light of the defendants' reasonable perception of the facts that confronted them.

3B Fed. Jury Prac. & Instr. § 165.23 (5th ed.), 3B Fed. Jury Prac. & Instr. § 165.23 (5th ed.)

## The Fourteenth Amendment

Plaintiff claims that Defendants violated his rights under the Fourteenth Amendment to the United State Constitution. In pertinent part, the Fourteenth Amendment states that "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. The due process clause of the Fourteenth Amendment provides plaintiff with protection from physical abuse by defendants.

The use of excessive use of force by a corrections officer against a citizen violates the provision of the Fourteenth Amendment just read to you. When a corrections officer uses excessive force against a citizen, the citizen may then recover damages against the corrections officer under Section 1983.

Every person has the constitutional right to be free from excessive force. You should take into account all of the facts and circumstances which were known or which should have been known by the defendants when you assess their liability to the plaintiff. The question you must answer is whether in the face of such facts and circumstances, the defendants treated plaintiff unreasonably and used excessive force against him thereby violating plaintiff's right under the Fourteenth Amendment to the United States Constitution.

**Fourteenth Amendment to the United States Constitution**

***Lanman v. Hinson*, 529 F.3d 673, 681**

## No Specific Intent

A civil action brought under Section 1983 does not require Plaintiff to prove that Defendants acted willfully or with specific intent to violate his federally protected rights.

*Hughes v Toombs,* **2001 U.S. Dist. LEXIS 1778, \*28 (WD Mich, 2001)**

*Monroe v Pape,* **365 US 167, 188 (1961),** *overruled on other grounds by Monell v New York City Dep't of Social Services,* **436 US 658 (1978)**

**CV 3.04 Consider Damages Only If Necessary (Western District)**

If the plaintiff has proven a claim against the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable and that the plaintiff is entitled to recover money from the defendants.

## CV 3.04A  Damages - Reasonable - Not Speculative (Western District)

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case that was sustained as a proximate result of defendants' acts or omissions.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**M Civ JI 50.01-50.06 Measure of Damages (modified)**

If you decide that Plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly and adequately compensates him for each of the elements of damage which you decide has resulted from the misconduct of the defendants taking into account the nature and extent of the injury.

With respect to Plaintiff's injuries, you should include each of the following elements of damage which you decide has been sustained by Plaintiff Anson Watkins to the present time:

      a.  physical pain and suffering

      b.  mental anguish;

      c.  fright and shock;

      d.  denial of social pleasures and enjoyments;

      e.  disability;

      f.  reasonable expenses of necessary medical care, treatment and services;

You should also include each of the following elements of damage which you decide each of the plaintiffs are reasonably certain to sustain in the future:

      a.  physical pain and suffering;

      b.  mental anguish;

c.  fright and shock;

d.  denial of social pleasures and enjoyments

e.  disability;

f.  reasonable expenses of necessary medical care, treatment and services;

If any element of damage is of a continuing nature, you shall decide how long it may continue.

Which, if any, of these elements of damage has been proved is for you to decide based upon the evidence and not upon speculation, guess, or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved by a precise dollar amount. The law leaves such amount to your sound judgment.

**M Civ JI 50.01-50.06**

**M Civ JI 50.10 (modified)**

You are instructed that the defendants take the plaintiff as they find him. If you find that the plaintiff was unusually susceptible to injury, that fact will not relieve the defendants from liability for any and all damages resulting to plaintiff as a proximate result of defendants' misconduct.

**M Civ JI 50.10 (modified)**

## Compensatory Damages

If you return a verdict that Defendants violated Plaintiff's rights under federal law, you will award Plaintiff a sum that will reasonably compensate him for economic and noneconomic losses.

In deciding the amount on noneconomic damages to award Plaintiff you need to consider (1) physical injuries, any pain, suffering, mental anguish and/or humiliation already suffered by Plaintiff and proximately resulting from the incident in question and (2) physical injuries, pain, suffering, mental anguish and/or humiliation which you find from the evidence in the case is reasonably certain to be suffered by Plaintiff in the future because Defendants' actions.

In deciding the amount of economic damages to award plaintiffs you need to consider (1) past, present, and future out of pocket medical expenses.

In other words, compensatory damages is the sum of money that you believe will fairly and justly compensate Plaintiff for the injuries he sustained because of the Defendants' conduct.

## §165.73  Avoidance of Double Recovery

If you find Defendant officers violated more than one of Plaintiff's rights, Plaintiff is entitled to be compensated only for the injuries Plaintiff actually suffered related to that violation.

## § 165.71  Punitive Damages (modified)

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendants and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against Defendants and if you find Defendants' conduct was reckless or callously indifferent to Plaintiff's constitutional rights, then, in addition to any other damages if you find it is appropriate to punish defendants and deter other corrections officers from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition (modified)**

### Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**O'Malley, Grenig & Lee,** *Federal Jury Practice and Instructions*, **5th Ed, §106.02**.

## CV 4.01  Introduction (Western District)

That concludes the part of my instructions explaining the elements of the claims made by plaintiff and how to calculate damages if you find that damages should be awarded. Next I will explain some rules that you must use in considering some of the testimony and evidence.

**CV 4.06  Summaries Not Admitted in Evidence (Western District)**

You have seen some charts and summaries that were not received in evidence that may help explain the evidence. Their only purpose is to help explain the evidence. These charts [and the time-lines put on the board] are not themselves evidence or proof of any facts.

**CV 4.06W  Witness Who Has Been Interviewed by an Attorney (Western District)**

It has been brought out that an attorney has talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

## CV 9.01  Introduction (Western District)

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence. If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

## CV 9.02  Research and Investigation (Western District)

Remember that you must make your decision based only on the evidence that you saw and heard here in court. The instructions I have given you throughout trial also apply to your deliberations. Do not try to gather any information about the case on your own. Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as "Twitter" to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that I am giving you now and that I gave you throughout

the trial. Make your decision based only on the evidence that you saw and heard here in court.

## § 106.01  Duty to deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that eight of eight of you agree.

If is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## § 106.07 Verdict forms—Jury's responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sold and exclusive duty and responsibly.

## CV 9.05  Verdict Form (Western District)

I have prepared verdict forms for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict. **[EXPLAIN FORM]**

Your foreperson should sign and date all verdict forms.

After all verdict forms are completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdicts.

## CV 9.09  Court Has No Opinion (Western District)

Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiffs' claims were proved by a preponderance of the evidence.

### §165.72  Mitigation of Damages

If you find Plaintiff was injured as a result of conduct by defendants in violation of Section 1983, you must first determine Plaintiff could have done something to lessen the harm suffered.  Defendants have the burden to prove by a preponderance of the evidence that Plaintiff could have lessened or reduced the harm to Plaintiff and that Plaintiff failed to do so.

If Defendants established by a preponderance of the evidence that Plaintiff could have reduced the harm done to Plaintiff but failed to do so, Plaintiff is entitled only to damages sufficient to compensate for the injury that Plaintiff would have suffered had Plaintiff taken appropriate action to reduce the harm.

Authority:  O'Malley, Grenig, Lee (Fifth Edition)

**Damages--No Inherent value**

Plaintiff has alleged violations of constitutional rights.  Even if you find that the Defendant corrections officers violated Plaintiff's constitutional rights, you may only award damages which compensate the Plaintiff for actual losses sustained.  You may not award the Plaintiff damages for the abstract or inherent value of constitutional rights.

## Qualified Immunity

### REQUEST FOR JURY INSTRUCTIONS REGARDING QUALIFIED IMMUNITY

NOW COME the defendants, by and through their attorneys Plunkett Cooney, and request the following Special Interrogatories be submitted to the jury, and that the Court then apply the legal standard for qualified immunity to the historical facts as determined by the jury.

The need for special jury interrogatories is dictated by the qualified immunity analysis. Objective reasonableness in the context of applying qualified immunity is distinct from the objective reasonableness analysis used to determine whether the Fourth Amendment has been violated. The Supreme Court explained this distinction in *Saucier v. Katz*, 531 U.S. 194, 203; 121 S. Ct. 2151 (2001):

> [There is] some 'surface appeal' to the argument that, because the Fourth Amendment's guarantee was a right to be free from 'unreasonable' searches and seizures, it would be inconsistent to conclude that an officer who acted unreasonably under the constitutional standard nevertheless was entitled to immunity because he 'reasonably' acted unreasonably. This superficial similarity, however, could not overcome either our history of applying qualified immunity analysis to Fourth Amendment claims against officers or the justifications for applying the doctrine in an area where officers perform their duties with considerable uncertainty ... With respect, moreover, to the argument ... that an exception should be made for Fourth Amendment cases, we [have] observed 'the heavy burden this argument must sustain to be successful,' since 'the doctrine of qualified immunity reflects a balance that has been struck across the board.' We held [in past cases] that qualified

immunity applied in the Fourth Amendment context just
as it would for any other claim of official misconduct.

*Saucier* clearly holds that, even if the defendant officers' conduct is found to have violated plaintiff's constitutional rights, they are not subject to liability if a reasonable officer, faced with the same circumstances, could have believed that conduct to be lawful in light of clearly established law. Thus, the denial of summary judgment does not foreclose the officers' ability to invoke qualified immunity at trial.

The parties disagree about the historic facts regarding the use of force and plaintiff's alleged injures.

Since the Fourteenth Amendment is only violated by objectively unreasonable *intentional* conduct, if the defendants' version of events is true, then there is no constitutional violation and no liability under the Fourteenth Amendment. In *Graham v. Connor*, 490 U.S. 386, 395; 109 S. Ct. 1865; 104 L.Ed.2d 443 (1989), the Supreme Court explained that the Fourth Amendment's prohibition against unreasonable seizures of the person depends upon not only *when* the seizure is made, but also on *how* it is carried out. In either case, however, the prerequisite of a Fourteenth Amendment claim is *intentional* action on the part of the state actor. *Graham*, 490 U.S. at 395, n. 10. See also *Dunigan v. Noble*, 390

F.3d 486, 492 (6th Cir. 2005); *Champion v. Outlook Nashville*, 380 F.3d 893, 902 – 903 (6th Cir. 2004).

If the jury determines that the plaintiff's injures was the result of some physical contact between Defendants and plaintiff, then the jury must determine whether the action was intentional or accidental.

It is clear that the jury should answer special interrogatories, and this Court should then determine (1) whether a constitutional violation occurred at all or (2) if a constitutional violation occurred, whether the officers are entitled to qualified immunity based on the jury's findings of fact. In *Pouillon v. City of Owosso*, 206 F.3d 711 (6th Cir. 2000), the Sixth Circuit reversed the trial court's decision to submit the issue of qualified immunity to a jury under general instructions. The Court began by observing that "whether qualified immunity is applicable to an officer's actions is a matter of law." *Pouillon*, 206 F.3d at 715. The Court then held: "Finally, the question of qualified immunity, which was improperly submitted to the jury under general instructions, is rather a question of law for determination by the judge. Questions of fact may be relevant to this determination, *see Brandenburg v. Cureton*, 882 F.2d 211, 215 – 216 (6th Cir. 1989), but the ultimate question is one of law: if the finder of fact determines that the officers undertook certain actions, could any reasonable police officer have believed that those actions did not violate Pouillon's constitutional rights? *See*

*Dominque v. Telb*, 831 F.2d 673, 676 (6ᵗʰ Cir. 1987) (citing *Anderson v. Creighton*, 483 U.S. 635, 664, 107 S.Ct. 3034, 97 L.Ed.2d 523(1987)).

We hold that the district court abused its discretion in submitting to the jury questions of law as well as of fact. For this reason we reverse the district court's denial of Pouillon's motion for special interrogatories and remand this case for a new trial on the three questions which, as we have just indicated, should have been put to the jury."

This view is the generally accepted view among the Circuit Courts of Appeal. *See Willingham v. Crooke*, 412 F.3d 553 (4ᵗʰ Cir. 2005); *Johnson v. Breeden*, 280 F.3d 1308 (11ᵗʰ Cir. 2002). *See also* Blum, "Scott v. Harris: Death Knell for Deadly Force Policies and Garner Jury Instructions?" 58 Syracuse L. Rev. 45, 71, n.152 (collecting cases).

Based on the preceding discussion the defendants request that the following Instructions be submitted to the jury:

Given this conflicting evidence, we have a case where "the jury becomes the final arbiter of [the officer's] claim of immunity...." *Brandenburg v. Cureton,* 882 F.2d 211, 215-16 (6th Cir.1989). Qualified immunity is ultimately a question of law **\*764** properly addressed by the judge, but a jury trial is nonetheless necessary

where, as here, "the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury." *Id.* at 216.

*Sell v. City of Columbus*, 127 F. App'x 754, 763-64 (6th Cir. 2005)

"Qualified immunity grants government officials engaged in discretionary activities immunity from individual liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "[O]fficials are immune unless the law clearly proscribed the actions they took." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).

It has been held that deputies' interactions with pretrial detainees after the arresting officers had left were governed by the Fourteenth Amendment, rather than the Fourth. *Phelps*, 286 F.3d at 301. This was a significantly higher standard, which required conduct that "shocked the conscience" and force that amounted to punishment. *Aldini*, 609 F.3d at 865; *Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001) (noting: "A substantially higher hurdle must be surpassed to make a showing of excessive force under the Fourteenth Amendment than under

the "objective reasonableness" test of *Graham*[.]").  Thus, a completely different--

and higher--standard applied to the Defendants' actions at the time of these events.

Open.06002.32468.16754914-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

     Plaintiff,

                                  Case no. 13-13308
                                  HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

     Defendants.

                                                     /

| | |
|---|---|
| ERNST LAW FIRM PLC | PLUNKETT COONEY |
| Kevin Ernst P44223 | H. William Reising P19343 |
| Attorney for Plaintiff | Christopher J. Scott P65367 |
| 645 Griswold, Suite 4100 | Attorneys for Defendants |
| Detroit, MI  48226 | 111 E. Court Street, Suite 1B |
| 313-965-5555 | Flint, MI  48502 |
| ernstlawfirm@hotmail.com | 810-342-7001 |
| | wreising@plunkettcooney.com |
| DEAN ELLIOTT PLC | cscott@plunkettcooney.com |
| Dean Elliott P60608 | |
| Co Counsel for Plaintiff | |
| 321 S. Williams Street | |
| Royal Oak, MI  48607 | |
| 248-251-0001 | |
| dean@deanelliottplc.com | |

                                                     /

## **DEFENDANTS' THEORY OF CASE**

     Defendants are entitled to qualified immunity as their actions were reasonably justified under the circumstances.  Regardless of qualified immunity,

there is no credible evidence of excessive force by any Defendant as all actions were reasonable given the totality of the circumstances.   Plaintiff was uncooperative, assaultive and actively resisted Defendants, which resulted in appropriate and reasonable conduct and use of force by all Defendants.

This incident occurred on September 18, 2010.   Prior to arriving at the Genesee County jail, Plaintiff was arrested for Operating While Intoxicated. Plaintiff was admittedly drunk and properly arrested.

On September 18, 2010 Flint Township Police Sergeant Frank Hartner eventually pulled over Plaintiff William Jennings, during an investigation which indicated Mr. Jennings had been in an altercation at a bar, had fired gunshots in an effort to threaten a neighbor, and had smoked crack cocaine.

After being pulled over, Plaintiff was initially uncooperative, did not raise his hands and had to be forcefully removed from his vehicle.   The investigation further revealed that Plaintiff tested positive for alcohol intoxication and was admittedly intoxicated.   Finally, Officer Hartner's testing further revealed that Plaintiff had vertical nystagmus, which is an indicator for intoxication by drugs.

Following Plaintiff's arrest for operating while intoxicated he was transported to the Genesee County Jail by Officer Hartner and turned over to Booking.   At that time, Officer Hartner observed Plaintiff being non-compliant, combative, and disorderly.   Sgt. Hartner turned Plaintiff over to Genesee County

Deputy Patrick Fuller for booking. Plaintiff was non-compliant, resistant, and combative during the Booking process.

The booking process and Plaintiff's resistive and combative conduct was recorded on video. The video shows at approximately 5:12 Plaintiff being searched and then turning toward Deputy Fuller and becoming aggressive while not listening to instructions. Deputy Fuller described Plaintiff's failure to follow instructions consistently with the video by stating Plaintiff removed his hands from the wall and that he was resisting verbal commands in doing so. The video depicts Plaintiff's lack of following verbal commands and aggressive posture leading Deputy Fuller and Deputy Kenamer to take Plaintiff to the ground to gain control.

The struggle ensues and additional Deputies come to attempt to control Plaintiff. Finally, the video shows Lt. Nuckolls using pepper spray on Plaintiff in an unsuccessful attempt to gain compliance. Eventually, the video shows Plaintiff being taken to a safety cell, but Plaintiff would not calm down enough to be left alone in the safety cell. As such, there was an attempt to place Plaintiff in a restraint chair, but due to Plaintiff's alcohol and drug charged conduct multiple deputies were unable to secure Plaintiff.

During the attempts by Deputies to gain control of Plaintiff, Plaintiff attempted to grab a taser/stun gun from Lt. Nuckolls and Plaintiff bit the hand of Deputy Fuller, which resulted in a felony charge against Plaintiff. Plaintiff was

eventually properly restrained in a restraint bed.  Plaintiff was then checked by a nurse for injuries and proper use of restraints.  Further, the nurse washed off Plaintiff's face given the prior use of OC spray.

It was determined during the Preliminary Exam that there was probable cause for the felony charge and he was bound over to Circuit Court.

All of the Defendants will testify consistent with their reports, one another and the video that Plaintiff was totally out of control and all tactics used were reasonable under the circumstances.

With respect to Plaintiff's version of events, he has testified that he was intoxicated from drinking four mixed drinks of tequila and Red Bull and from drinking six beers.  Plaintiff does have a vague recollection of his arrest and arriving at the Genesee County Jail, but has **no recollection beyond use of OC Spray in the Booking room** during his initial efforts to resist.

Plaintiff was unemployed at the time of the incident and was a substance abuser.  Following the incident and the day Plaintiff was release from jail, his initial medical treatment was at McLaren Hospital in Flint where all where Plaintiff was treat and released in less than three hours for abrasions consistent with Defendants' reasonable use of force.

Following Plaintiff's initial treatment he was diagnosed with nasopharyngeal cancer, which resulted in significant treatment, including surgery and

chemotherapy.   Plaintiff's criminal charges for assaulting Deputy Fuller were dismissed during his cancer treatment as the prosecutor was told his prognosis was poor and his illness will interfere with trial.

Plaintiff's cancer eventually went into remission and he has since been gainfully employed and maintained social relationships, which is inconsistent with any compensatory damages being related to the subject incident.

**PLUNKETT COONEY**

By */s/ Christopher J. Scott*
    CHRISTOPHER J. SCOTT (P65367)
    Attorneys for Defendants
    Plaza One Financial Center
    111 E. Court Street – Suite 1B
    Flint, MI  48502
    (810) 342-7012
Dated:  April 20, 2016    cscott@plunkettcooney.com

## CERTIFICATE OF SERVICE

CHRISTOPHER J. SCOTT, first being duly sworn, deposes and says that on the 20th day of April, 2016, he caused to be served a copy of the enclosed DEFENDANTS' PROPOSED JOINT CIVIL JURY INSTRUCTIONS AND DEFENDANTS' THEORY OF CASE and CERTIFICATE OF SERVICE, upon all counsel of record via cm/ecf electronic filing with the United States District Court for the Eastern District of Michigan, Southern Division.

*/s/ Christopher J. Scott*
CHRISTOPHER J. SCOTT

Open.06002.32468.16824062-1