UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

                      Plaintiff,

vs.

Case No. 13-13308

Hon. Avern Cohn

GENESEE COUNTY DEPUTIES PATRICK FULLER,
LT. ROBERT NUCKOLLS, DAVID KENAMER
SGT. KYLE GUEST, MARK WING, and JASON WHITE
Jointly and Severally,

                      Defendants.

_____

ERNST LAW FIRM, PLC
By: KEVIN ERNST (P44223)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
ernstlawfirm@hotmail.com

PLUNKETT COONEY
H. William Reising (P19343)
Attorney for Defendants
111 E. Court St., Suite 1B
Flint, MI 48502
(810) 342-7001
Wreising@plunkettcooney.com

DEAN ELLIOTT, PLC
By: DEAN ELLIOTT (P60608)
Counsel for Plaintiff
201 East Fourth Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com

_____

**PLAINTIFFS' MOTION TO STRIKE VARIOUS DEFENSE WITNESSES THAT WILL OFFER OPINION TESTIMONY**

      For the reasons contained in the attached brief, Plaintiff respectfully requests this

honorable Court grant his motion and strike the witnesses identified in the brief from Defendants

Trial Witness List or preclude them from offering any opinion testimony.

                                                         Respectfully submitted,

                                                         /s/Kevin Ernst
                                                         /s/Dean Elliott
                                                         Dean Elliott, PLC
                                                         201 East Fourth Street
                                                         Royal Oak, Michigan 48067
                                                         (248) 543-9000 Ext. 14
                                                         E-mail Dean@DeanElliottplc.com

Dated: October 10, 2016                    P-60608

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

                 Case No. 13-13308
   Plaintiff,           Hon. Avern Cohn

vs.

GENESEE COUNTY DEPUTIES PATRICK FULLER,
LT. ROBERT NUCKOLLS, DAVID KENAMER
SGT. KYLE GUEST, MARK WING, and JASON WHITE
Jointly and Severally,

   Defendants.
_____

| | |
|---|---|
| ERNST LAW FIRM, PLC | PLUNKETT COONEY |
| By: KEVIN ERNST (P44223) | H. William Reising (P19343) |
| Counsel for Plaintiff | Attorney for Defendants |
| 645 Griswold, Suite 4100 | 111 E. Court St., Suite 1B |
| Detroit, Michigan 48226 | Flint, MI 48502 |
| (313) 965-5555 | (810) 342-7001 |
| ernstlawfirm@hotmail.com | Wreising@plunkettcooney.com |

DEAN ELLIOTT, PLC
By: DEAN ELLIOTT (P60608)
Counsel for Plaintiff
321 S. Williams Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com
_____

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE VARIOUS DEFENSE WITNESSES THAT WILL OFFER OPINION TESTIMONY**

**APPLICABLE FACTS**

   On April 13, 2016, the Court held a final pretrial conference. At the conference, among other things, the Court ordered the parties to name their experts and return on April 20, 2016. On

April 20, 2016, Defendants identified Ed Primeau as a video expert witness. ( R. 74.) On April 20, 2016, Plaintiff provided Defendants a copy of their video expert report. Defendants did not file a rebuttal report. As of the date of this motion, Defendants have not submitted any Rule 26 expert reports for Mr. Primeau.

In Defendants April 20, 2016 witness list, they also listed certain employees of Genesee County and indicated that they would provide opinion testimony. Defendants listed:

1. Undersheriff Christopher Swanson and indicated he would offer testimony regarding"expert and lay (his review of reports, videos, injuries, and conduct in conjunction with standards) [sic]".

2. Lt. Michael Tocarchick and indicated he would offer testimony regarding "(his review of videos, reports and his involvement with Plaintiff's prosecution) injuries, and conduct in conjunction with standards)".

3. Cpt. Jason Gould and indicated he would offer testimony regarding "his involvement with Plaintiff, alleged injuries/treatment, review of video and reports."

4. Sgt. Leona Broecker and indicated she would offer testimony regarding "his involvement with Plaintiff, alleged injuries/treatment, review of video and reports."

5. Michelle Glinn, PhD, MSP lab technician, and indicated she would offer testimony regarding "lab reports".

As of the date of this motion, Defendants have not provided a summary of the facts and opinions to which these witnesses are expected to testify.

**ARGUMENT**

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of witnesses who will provide opinion testimony. Under Fed.R.Civ.P. 26(a)(2)(A), a party is required to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence

702, 703, or 705.

Under Rule 26, the parties must also disclose the substance of their expert testimony. The form of the disclosure depends on whether the witness is retained or employed by the party or not. With regard to a retained or employed witness, Fed.R.Civ.P.26(a)(2)(B) provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

With regard to a witness not retained or employed, Rule 26 mandates that with regard to the opinions of witnesses not required to file a report pursuant to Fed.R.Civ.P.26(a)(2)(B), parties must disclose "the subject matter on which the witness is expected to testify" and " a summary of facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)©.

These disclosures must occur at the times and in the sequence that the court orders. Fed.R.Civ.P. 26(a)(2)(D). In the absence of a stipulation or court order, the disclosures must be made at least ninety days before the trial date or the date the case is to be ready for trial. F.R.Civ.P.26(a) (2)(D)(I). If the opinion testimony is intended solely to rebut evidence on the same subject matter identified by another party, the disclosure must be made within 30 days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(D)(ii). Additionally, these disclosures must be supplemented when required under Rule 26(e). Fed.R.Civ.P. 26(a) (2)(E). The party's duty to supplement extends to information included in the expert report and to information given during the expert's deposition. Fed.R.Civ.P. 26(e)(2). Any additions or changes are required to be made by the time the party's pretrial disclosures under Rule 26(a)(3) are due. Fed.R.Civ.P. 26(e)(2).

To ensure compliance with the expert witness disclosure requirements, Rule 37© provides strict sanctions for violation of Rule 26(a):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that** information or **witness** to supply evidence on a motion, at a hearing, or **at a trial**, unless the failure was substantially justified or is harmless…[The court may also impose other remedies] (emphasis added).

Thus, failure to comply with Rule 26(a) gives rise to mandatory sanctions unless the offending party can show that the violation was 1) harmless or 2) substantially justified. *Roberts ex rel. Johnson v. Glen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 U.S. App. LEXIS 14943 (6th Cir. June 25, 1999)) ("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it '**mandates** that a trial court punish a party for discovery violations in connection with Rule 26 **unless** the violation was harmless or is substantially justified.'") (emphasis added).

The offending party bears the burden of proving one of the exceptions to the mandatory sanctions. *Roberts*, 325 F.3d at 782; *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"); *Dunn ex rel. Albery v. State Farm Mu. Auto. Ins.Co.*, 264 F.R.D. 266, 280 (E.D. Mich. 2009) (excluding the defendant's expert "as a sanction for untimely disclosure under Fed. R. Civ. P. 37.").

"Harmlessness . . . is key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (emphasis added). The Advisory Committee's Note to the 1993 Amendments to Rule 37 "'strongly suggests that "harmless" involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Id*. (quoting *Vance*, 1999 U.S.

App. LEXIS 14943, 1999 WL 455435 at *5); Fed R. Civ. P. 37(c)(1) Advisory Committee's Note to 1998 amendments (offering as an examples of "harmless" violations "the inadvertent omission from a Rule 26(a)(1)(A) disclosure the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make the disclosures.").

The mandatory sanction is intended to make the Federal Rules of Civil Procedure meaningful and effective by providing "a strong inducement for disclosure" of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion. Fed. R. Civ. P. 37(c)(1) Advisory Committee's Notes to 1993 Amendment.

In this case, Defendants have listed Ed Primeau as an "expert regarding video systems/review". According to his website, Mr. Primeau is "Audio & Video Expert Witness". Thus, Mr Primeau's testimony would be governed under Rule 26(a)(2)(B), and he would be required to file a written, signed report. However, Defendants failed to provide a Rule 26 report or a rebuttal report. Thus, he is disqualified from testifying.

Defendants also intend to offer opinion testimony from various Genesee County Sheriff employees, including Undersheriff Christopher Swanson, Lt. Michael Tocarchick, Cpt. Jason Gould, and Sgt. Leona Broecker. As to Undersheriff Swanson, Defendants indicate he is an "expert" and will testify regarding his review of reports, videos, and injuries and whether Defendants actions comported with "standards". As to Lt. Tocarchick, Defendants seek to elicit testimony regarding his review of the video, reports, and his involvement with Plaintiff's prosecution. Any testimony regarding his review of reports and video would be in the form of an opinion or otherwise it would be completely irrelevant. Further any testimony regarding his

involvement with Plaintiff's prosecution could likely involve opinion testimony because his involvement occurred after the September 18 incident giving rise to the criminal charges. As to Capt. Gould and Sgt Broecker, Defendants seek to elicit testimony regarding "Plaintiff's alleged injuries/treatment, review of video and reports" this would also involve opinion testimony but would require them to opine about matters they are clearly not qualified to opine on. As to MSP lab technician Michelle Glinn, PhD, she conducted a toxicology exam of Plaintiff's blood, the results of which are contained in a supplemental report dated September 20, 2011. The toxicology report was negative. It is obvious that Defendants intend to offer expert opinion testimony beyond the negative results of the laboratory reports because Plaintiff previously informed Defendants they would stipulate to the admission of the reports rendering her testimony as to the results, cumulative.

The parties are on the eve of trial and Defendants have provided no Rule 26 disclosures regarding these witnesses. Defendants cannot show that their violation of the Rule 26 requirement to provide an expert report or summary of opinions 90 days before trial or a rebuttal report within thirty days of receiving Plaintiff's video expert report is harmless, nor could they, as they are far from it.

The failure to disclose Primeau's report or the other witnesses opinion in a timely manner was not the result of a mistake or inadvertent omission. Those witnesses were never deposed and Plaintiff does not have knowledge of the substance of their potential opinion testimony. Thus, this violation is not "harmless" within the meaning of Rule 37, which envisages the possibility of excusing the violation where the violation is the result of an honest mistake and there is no harm because the other party has sufficient notice. *See supra* Advisory Committee's Notes on Rule 37

and *Vance*, 1999 U.S. App. LEXIS 14943.

The violation was not substantially justified or harmless, and as a result the Court should strike this witness under the framework set forth by Rule 37.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this honorable Court grant his motion and strike these witnesses from Defendants Trial Witness List or preclude them from offering any opinion testimony.

                                              Respectfully submitted,

                                              S/Dean Elliott
                                              Dean Elliott, PLC
                                              201 East Fourth Street
                                              Royal Oak, Michigan 48067
                                              (248) 543-9000 Ext. 14
                                              E-mail Dean@DeanElliottplc.com
Dated: October 10, 2016                          P-60608

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2016, I presented the foregoing paper to the Clerk of Court for filing and uploading to the ECF system which will send notification to of such filing to the above listed attorneys of record and I hereby certify that I have mailed by United States Postal service the document to the following non ECF participants: none

                                        Respectfully Submitted,

                                        /s/Kevin Ernst
                                        S/Dean Elliott
                                        Dean Elliott, PLC
                                        201 East Fourth Street
                                        Royal Oak, Michigan 48067
                                        (248) 251-0001
                                        E-mail Dean@DeanElliottplc.com
Dated: October 10, 2016           P-60608