UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

                                                  Case No. 13-13308

      Plaintiff,                       Hon. Avern Cohn

vs.

GENESEE COUNTY DEPUTIES PATRICK FULLER,
LT. ROBERT NUCKOLLS, DAVID KENAMER
SGT. KYLE GUEST, MARK WING, and JASON WHITE
Jointly and Severally,

      Defendants.

_____

| ERNST LAW FIRM, PLC | PLUNKETT COONEY |
|---|---|
| By: KEVIN ERNST (P44223) | H. William Reising (P19343) |
| Counsel for Plaintiff | Attorney for Defendants |
| 645 Griswold, Suite 4100 | 111 E. Court St., Suite 1B |
| Detroit, Michigan 48226 | Flint, MI 48502 |
| (313) 965-5555 | (810) 342-7001 |
| ernstlawfirm@hotmail.com | Wreising@plunkettcooney.com |

DEAN ELLIOTT, PLC
By: DEAN ELLIOTT (P60608)
Counsel for Plaintiff
321 S. Williams Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com

_____

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS'
MOTION IN LIMINE REGARDING MALICIOUS PROSECUTION R. 76**

Defendants claim that they cannot be held liable for malicious prosecution because they did not make the decision to prosecute. The Sixth examined this issue in *Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010) and stated:

> The Defendants further claim that they cannot be held liable for malicious prosecution because they did not make the decision to prosecute the Plaintiffs. There is very little case law in this circuit discussing precisely what role an investigating officer must play in initiating a prosecution such that liability for malicious prosecution is warranted, but existing cases do indicate that an officer may be responsible for commencing a criminal proceedings against a plaintiff, where the officer made, influence[d], or participate[d] in the decision to prosecute. *Fox*, 489 F.3d at 237. Thus, contrary to the Defendants' assertion, the fact that they did not make the decision to prosecute does not per se absolve them from liability. Instead, the Plaintiffs were entitled to prove that the Defendants either influence[d] or participate[d] in the decision to prosecute. Id.

The Court in *Sykes* also ruled that providing false testimony at a preliminary hearing can provide a basis for a malicious prosecution claim:

> It is well established in this circuit that "[p]olice officers cannot, in good faith, rely on a judicial determination of probable cause [to absolve them of liability] when that determination was premised on an officer's own material misrepresentations to the court." *Gregory v. City of Louisville,* 444 F.3d 725, 758 (6th Cir.2006). This means that in order to establish that a testifying officer was responsible for commencing a criminal proceeding for purposes of a malicious-prosecution claim, the Plaintiffs were required to present evidence that Nichols "(1) stated a deliberate falsehood or showed reckless disregard for the truth [at the hearing] and (2) that the allegedly false or omitted information was material to the [court's] finding of probable cause." Id.;

Sykes, 625 F.3d at *312*.

In *Sykes*, the defendant officer testified that the video evidence contradicted the plaintiff's statement.  After noting that this defendant was the "the only office called to testify at the preliminary hearing" and that the plaintiff's statement was consistent with the video evidence, the Court stated:

> A reasonable jury could have found not only that Sgt. Nichols's statement amounted to false testimony but also that it was material to the state court's determination that there was probable cause to bind the Plaintiffs over for trial. Had Sgt. Nichols testified that [the plaintiff's] account of the robbery was entirely consistent with the video evidence,  Sgt. Nichols's truthful statement **might** have resulted in a conclusion that there was insufficient evidence to bind the Plaintiffs over for trial."

Id at 312–13 (emphasis supplied).

In this case, Fuller was the only officer to testify at trial.  First of all, he claimed that Jennings refused his order to place his hands against the wall. **(Exhibit 1, 12/16/11 preliminary exam transcript (transcript), p 10.)**  He then testified that he ordered Jennings to keep his hands on the wall and he also testified when Jennings removed his hands, Jennings turned towards him.  He then testified that Jennings turned towards him in an aggressive manner and that is when he took Jennings to the ground.  Finally, he testified that before he took Jennings to the ground, he ordered Jennings to put his hand back on the wall and Jennings refused.  Transcript pp 10-11.  Fuller also testified that Kenamar was present when Jennings took his hands off the wall and turned towards him.

Transcript p. 12.

The video evidence demonstrates this clearly did not happen. Jennings never removed both hands from the wall or never turned before Fuller took him to the ground. Jennings removed one hand a couple of inches off the wall for a split second and then immediately returned it when Fuller and other deputies began to assault him.

This testimony was clearly material to the Court's decision to bind Jennings over. The Court discussed Jenning alleged non-compliance and removing his hands from the wall, stating that Fuller took lawful custody of Mr. Jennings, and that when he patted him down, Jennings took his hands off the wall and got upset and agitated. The Court concluded "well, you know, if he had just put his hands back on the wall and cooperated with the deputies, he wouldn't have had all the pain and discomfort. So, I'm binding this over." Transcript pp 50-51. As in *Sykes*, a reasonable juror could conclude that truthful testimony, i.e. that Jennings never took his hands off the wall or refused to cooperate, might have resulted in a finding of insufficient evidence to bind over.

The Sykes court then turned to the question of whether an officer could be liable for malicious prosecution for providing untruthful investigatory materials, and held that a malicious prosecution charge would lie against an officer who submitted false investigatory materials. In *Sykes*, the court stated that there was

evidence to support the plaintiff's claim against a non-testifying defendant, one Sergeant Anderson, because he provided untruthful police reports to the prosecutor. The court stated,

> It is absolutely clear, however, that an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's **truthful** materials... [H]owever, Sgt. Anderson's liability is not premised on the his disclosure of *truthful* investagory material.

Id at 314 (citations omitted).

The court then stated that the law would hold "Sgt. Anderson responsible for all reasonable foreseeable consequences of his initial misdeeds (citing *Malley v. Briggs*, 475 U.S. 335, (1986). Id at 315. Finally, the court stated that intervening factors, such as a prosecutor's decision to initiate charges or a factfinder's decision to find probable cause, did not absolve the officer's liability for providing false investigatory materials:

> Defendants . . . may be liable for consequences caused by reasonably foreseeable intervening forces, and the chain of causation need not be considered broken in a malicious prosecution claim against an officer if the officer deceived the subsequent decision maker or could reasonably foresee that contribute to an independent decision that results in a deprivation of liberty.

*Id.* at 316 (internal citation omitted).

Both Kenamar and Fuller submitted investigatory reports containing materially false statements. **(Exhibit 2, Fuller report; Exhibit 3, Kenemar**

**report.)**  Fuller's report essentially mirrored his exam testimony, claiming that Jennings pulled both hands off the wall while he was patted him down, and refused his command to place his hands back on the wall.  He also reported that Jennings turned towards Fuller in an "aggressive stance", that Jennings became combative before he and Kenamar put Jennings on the floor.  Kenamar's report contains similar false statements.  He indicated that he and Fuller received Jennings from Flint Township Police Department and that Jennings became combative in the report writing room and refused to follow verbal commands **before** Jennings was restrained and  "placed" on the ground.  He also reported that Jennings continued to fight even when placed in the safety cell.  The video evidence flatly contradicts these officers' reports.  As previously indicated, Jennings never removed his hands from the wall or became combative or refused to follow orders prior to the police setting upon him.  Moreover, the video clearly depicts that when Jennings was placed in the safety cell, he lay there motionless and despite this, the Defendants re-escalated the situation and dragged Jennings out of the safety cell and placed him a restraint chair and then a restraint bed.

  Clearly, it was reasonably foreseeable that these false investigatory materials would lead to a prosecution of Jennings for resisting and obstructing a police officer.  Moreover, a reasonable juror could conclude that these officers fabricated these reports to cause a prosecution of Jennings to cover up their assault

and explain the injuries Jennings received.  Clearly, these matters are questions for a jury.

 

Date:  October 13, 2016

Respectfully submitted,
/s/Kevin Ernst
/s/Dean Elliott
Kevin Ernst (P44223)
Counsel for Plaintiff
645 Griswold Street, Suite 4100
Detroit, MI 48226
**kevin@ernstmarkolaw.com**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 13, 2016, I presented the foregoing instrument to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the above listed attorneys of record and I hereby certify that I have mailed by United States Postal service the document to the following non ECF participants: none.

    /s/Kevin Ernst
    /s/Dean Elliott
    Kevin Ernst (P44223)
    Counsel for Plaintiff
    Ernst & Marko Law, PLC
    645 Griswold Street, Suite 4100
    Detroit, MI 48226
    kevin@ernstmarkolaw.com

Date:  October 13, 2016