UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

v.                                                      Case No. 13-13308

PATRICK FULLER, ROBERT
NUCKOLLS, DAVID KENAMER,
KYLE GUEST, MARK WING,
and JASON WHITE,                                HON. AVERN COHN

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR APPORTIONMENT OF LIABILITY AND DAMAGES (Doc. 93)

This is a § 1983 case. For the reasons that follow, the defendants' motion for apportionment of liability and damages, (Doc. 93), is DENIED.

Defendants—6 police officers—assert they are entitled to apportioned liability and damages as to each officer. In support, defendants observe (1) the events in dispute occurred in 3 separate locations of the jail—the report writing room, sally port area, and safety cell hallway; (2) the acts of each officer are recorded on video; (3) each officer had "independent, separate and distinct" interactions with Jennings at different phases of the encounter; and (4) Jennings alleges "multiple independent injuries" based on the disparate acts. Because of this, defendants say each officer must be assigned a

fractional share of liability and damages, with no one officer liable for the total damages.[1]

Jennings says joint and several liability applies in § 1983 cases like this one. He cites to the Sixth Circuit's decision in *Weeks v. Chaboudy*, 984 F.2d 185, 188-89 (6th Cir. 1993), which considered if damages may be apportioned in § 1983 actions. Jennings says the standard for joint and several § 1983 liability outlined in *Weeks* controls. He reasons that he suffered indivisible injuries from the concurrent acts of the defendants, each of whom was a substantial factor in causing his injuries.

*Weeks* concerned a prison medical director's refusal to admit a prisoner with waist-down paralysis to the infirmary or prescribe a wheelchair. *Weeks*, 984 F.2d at 186-87. The district court found Weeks suffered $50,000 in harm from the director's deliberate indifference. *Id.* at 188. Nevertheless, the district court apportioned 10% of liability and damages ($5,000) to the director and the remaining 90% ($45,000) to non-party security and medical personnel who saw Weeks daily during cell checks. *Id.*

The Sixth Circuit reversed as to the 10% apportionment, reasoning "[t]hat other prison personnel were aware of Weeks' predicament may render them liable *as well*, but it cannot diminish Defendants' liability." *Id.* at 189. In doing so, the Court recited the common-law rule of joint and several liability enunciated in *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 (1979). *Id.* at 188-89. The rule "allows an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury

---

[1] Defendants quote a published case from this district saying "there is no joint and several liability under 42 U.S.C. § 1983." *Smith v. Michigan*, 256 F. Supp. 2d 704, 712 (E.D. Mich. 2003) (Roberts, J.). However, the cited discussion appears only to stand for the well-known proposition that § 1983 claims must describe each defendant's personal involvement in asserted acts of wrongdoing. *Id.* at 711-12.

that the tortfeasor's negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the incident." *Edmonds*, 443 U.S. at 260.

Jennings describes as injuries permanent vision damage, fractures to his eyes and nose, a chipped tooth, head trauma, nerve damage in his hand, a shoulder tear, and mental anguish (among others). As defendants point out, Jennings's encounter with the officers in the jail was multi-phased—the takedown, the pepper spraying, the 9-minute resistance, and the restraint bed with pepper spray and spit-hood on. Some phases may link to specific injuries (e.g., the chipped tooth is said to have come from Jennings chewing through the spit-hood to breathe while on the restraint bed). Nevertheless, the officers acted in tandem for their efforts to restrain and subdue Jennings. As the Sixth Circuit said in affirming the Court's denial of qualified immunity in this case, *Jennings v. Fuller*, No. 15-1870, manuscript op. at 7 (6th Cir. Sept. 9, 2016), "the officers' actions and decisions fit together into a single, fluid incident." Because the defendants' conduct was a continuous stream of activity producing the physical injuries, the harm is indivisible. Moreover, given the severity of the claimed injuries and depiction of officers in the video, each defendant can be said to have been a substantial factor in causing the injuries.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10-14-2016
Detroit, Michigan

3