UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

                                      Case no. 13-13308
                                      HON. Avern Cohn

-vs-

GENESEE COUNTY DEPUTIES PATRICK
FULLER, LT. ROBERT NUCKOLLS, DAVID KENAMER,
SGT. KYLE GUEST, MARK WING and JASON WHITE,
Jointly and Severally,

    Defendants.
_____/

| ERNST LAW FIRM PLC | PLUNKETT COONEY |
|---|---|
| Kevin Ernst P44223 | H. William Reising P19343 |
| Attorney for Plaintiff | Christopher J. Scott P65367 |
| 645 Griswold, Suite 4100 | Attorneys for Defendants |
| Detroit, MI   48226 | 111 E. Court Street, Suite 1B |
| 313-965-5555 | Flint, MI   48502 |
| ernstlawfirm@hotmail.com | 810-342-7001 |
| | wreising@plunkettcooney.com |
| DEAN ELLIOTT PLC | cscott@plunkettcooney.com |
| Dean Elliott P60608 | |
| Co Counsel for Plaintiff | |
| 321 S. Williams Street | |
| Royal Oak, MI   48607 | |
| 248-251-0001 | |
| dean@deanelliottplc.com | |

_____/

## **DEFENDANTS' MOTION FOR DIRECTED VERDICT**

    The Plaintiff having put to the jury his proofs and closed his case,

Defendants therefore request this Honorable Court enter judgment as a matter of

1

law in their favor, in whole or in part, pursuant to Federal Rules of Civil Procedure Rule 50(a) as the Plaintiff has failed to set forth a sufficient evidentiary basis for a reasonable jury to find for the Plaintiff as discussed more fully in the accompanying brief in support.

Respectfully submitted,

PLUNKETT COONEY

By: /s/H. William Reising
H. William Reising (P19343)
Christopher J. Scott (P65367)
Attorneys for Defendants
111 E. Court Street, Suite 1B
Flint, MI   48502
810-342-7001
wreising@plunkettcooney.com

Dated: 10/31/16

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR DIRECTED VERDICT

Defendants assert that the Plaintiff has failed to set forth sufficient proofs to allow a jury to determine the propriety of his claims and, as a matter of law pursuant to F. R. Civ. P. Rule 50(a), judgment in favor of the Defendants is required.

## LEGAL ANALYSIS

### Standard for Judgment as Matter of Law Per F.R. Civ. P Rule 50(a)

F.R. Civ. P. Rule 50(a) provides:

(1)   In General.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A)   resolve the issue against the party; and

(B)   grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2)   Motion.  A motion for judgment as a matter of law may be made at any time before the case is submitted to a jury.  The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Judgment as a matter of law should be granted when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party" (*Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004)). *Jordan v. City of Cleveland*, 464 F.3d 584, *594 (C.A. 6 (Ohio), 2006).  See also *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001); *Williams v. Nashville Network*, 132 F.3d 1123, 1130-31 (6th Cir. 1997); *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005).

## I.   No Evidence That Defendant Guest Used Excessive Force

Plaintiff did not present any evidence that Defendant Guest touched Plaintiff let alone used any force.  Sgt. Guest was on duty and observed the events, only. Lt. Nuckolls was on scene the entire time Sgt. Guest observed the events. Sgt.

3

Guest was never in charge of Deputies during the incident. Testimony has established Sgt. Guest did not fill out a report as he was not physically involved, and there is no evidence Sgt. Guest had any physical contact with Plaintiff. Simply put, there is no evidence to support an excessive force claim against Sgt. Guest, and no other claims has been plead against him. Thus, Defendant Guest must be dismissed.

## II. No Evidence to Support Unlawful Prosecution Claim

An unlawful prosecution claim requires a plaintiff to show that: (1) he was prosecuted and that the defendants made, influenced, or participated in the decision to prosecute; (2) there was no probable cause; (3) the prosecution resulted in a deprivation of liberty; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.*, at 308-09.

In this case, on December 20, 2010, Jennings was charged with felony resisting and obstructing in violation of M.C.L. § 750.81d. Kennamer and Fuller were the victims---not the complaining witnesses. The Felony Complaint lists Lt. Michael Tocarchick as the complaining witness, and it was authorized by prosecutor Christopher Larobardiere (Plaintiff's Exhibit 10). Both Defendant Fuller and Defendant Kennamer testified that they were not involved with charges being brought against Plaintiff.

4

The preliminary examination was held on December 16, 2011, and Deputy Fuller testified that Jennings bit his hand during the efforts to restrain him and that Jennings was otherwise kicking and pulling away from the deputies. (R.E. 39-8, Preliminary Examination Transcript, pp. 16, 32, Page ID# 547, 549). The state district court found probable cause to bind Jennings over for trial. (*Id.*, p. 51, Page ID# 550).

The law is, "where a state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Zulock v. Shures*, 441 F. App'x 294, 304 (6th Cir. 2010). Thus, where the state district court found probable cause to bind Jennings over for trial (R.E. 39-8, Preliminary Examination Transcript, p. 51, Page ID# 550), Jennings cannot establish the lack of probable cause necessary to sustain a claim for false arrest or malicious prosecution. The charges were later dismissed without prejudice as Plaintiff was gravely ill with cancer.

Based on the evidence Plaintiff has not established any of the four required elements for an unlawful prosecution claim.

### III. Plaintiff's Claims Are Barred by Qualified Immunity

Based on the record evidence submitted at trial in this matter, the individual Defendants are entitled to qualified immunity, and judgment as a matter of law on Plaintiff's claims of excessive force and unlawful prosecution in violation of Plaintiff's rights. The jury has not been presented with a legally sufficient evidentiary basis to conclude otherwise. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009); *Chappell v. City of Cleveland*, 585 F.3d 901 (6th Cir. 2009); *Graham v. Connor*, 490 U.S. 386, 396-397 (1989). The evidence establishes that the Defendants' use of force was objectively reasonable given that Plaintiff was non-compliant and actively resistant.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012), citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011). The protection of qualified immunity applies regardless of whether the government official's error is a "mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

This court generally asks two questions to determine whether a government official is entitled to qualified immunity: whether "the plaintiff has shown that a

constitutional violation occurred" and whether "the right was clearly established at the time of the violation." *Santiago v. Ringle*, 734 F.3d 585, 593 (6th Cir. 2013); *Harris v. City of Circleville*, 583 F.3d 356, 365 (6th Cir. 2009). If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Id*.

Recently, the Supreme Court has made clear that qualified immunity is the norm, and not the exception, and in so doing set forth the proper qualified immunity analysis. In *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022-23 (2014), the lower courts denied qualified immunity to police officers who fatally shot the driver of a fleeing vehicle to put an end to a dangerous high speed case. The Supreme Court reversed and first held that "the officers did not violate the Fourth Amendment." *Plumhoff*, 134 S. Ct. at 2017. Under the circumstances presented, it was "beyond serious dispute" that the suspect's flight from police "posed a grave public safety risk, and . . . the police acted reasonably in using deadly force to end that risk." *Id*. at 2022.

The Court then held in the alternative that, even if the officers' conduct violated the Fourth Amendment, they would still be entitled to summary judgment based on qualified immunity. *Plumhoff*, 134 S. Ct. at 2022-23. The Court referenced an earlier decision, *Brosseau v. Haugen*, 543 U.S. 194; 125 S.Ct. 596; 160 L.Ed.2d 583 (2004), which addressed events that took place in February 1999.

7

The events at issue in *Plumhoff* occurred in 2004. The Court then explained the proper qualified immunity analysis: "Brosseau makes plain that as of February 21, 1999 . . . it was not clearly established that it was unconstitutional to shoot a fleeing driver to protect those whom his flight might endanger." *Plumhoff*, 134 S. Ct. at 2023. Further, the respondent in *Plumhoff* did not cite "to any case—let alone a controlling case or a robust consensus of cases—decided between 1999 and 2004 that could be said to have clearly established the unconstitutionality of using lethal force to end a high-speed car chase." *Id.* at 2024.

Accordingly, it is the plaintiff's burden to establish that a right was "clearly established" at the time of the conduct at issue: "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle*, 132 S.Ct. at 2093. Further, "the right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official." *Id.* at 2094 (internal punctuation and citation omitted). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 2093. See also *Plumhoff*, 134 S. Ct. at 2023. A clearly established constitutional violation requires on-point, controlling authority or a "robust consensus of cases of persuasive authority." *al-Kidd*, 131 S.Ct. at 2084 (quotation omitted).

The incident from which Jennings's claim arises occurred in September 2010. At that time, it was not clearly established that it was unconstitutional for the deputies to use force – including a takedown maneuver, pepper spray, taser and a restraint bed – on a noncompliant subject who continuously resists efforts to be contained. In fact, as discussed above, the legality of this conduct was clearly established in March of 2012.

In 2008, this Court instructed that, "officials are entitled to qualified immunity in the face of excessive force allegations even when the plaintiff 'was suspected of relatively minor crimes' if the plaintiff resisted and the officials responded with force." *Ryan*, 279 F. App'x at 338. And more specifically, at the time of the events giving rise to this lawsuit, the use of pepper spray was "not per se unreasonable," rather, the analysis turns "upon the totality of the circumstances . . . ." *Vaughn*, 18 F. App'x at 266. Likewise, it is not excessive force for the police to tase someone (even multiple times) when the person is actively resisting, as Jennings was here. *Williams*, 433 F. App'x at 363. Furthermore, physical restraints, like the restraint bed, "are constitutionally permissible where there is penological justification for their use." *Kennedy*, 37 F. App'x at 757, citing *Rhodes*, 452 U.S. at 346. Accordingly, the evidence shows Defendants force was reasonable, and Plaintiff was not unreasonably prosecuted. Thus, Defendants are entitled to qualified immunity.

## IV. Plaintiff's Claim for Punitive Damages

"A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless disregard or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). The Sixth Circuit has "phrased the standard for defendant's conduct to warrant punitive damages as grossly negligent, intentional, or malicious." *Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992) (citing *Lewis v. Downs*, 774 F.2d 711, 715 (6th Cir. 1985)). Based upon the evidence presented by Plaintiff to the jury, a reasonable jury would not have a legally sufficient evidentiary basis to find that the Defendant officers' conduct was motivated by evil motive or intent or was grossly negligent, intentional or malicious. There is absolutely no evidence attributing any statement or conduct attributable to Defendants which would support a finding that they acted with the requisite intent or motive. Accordingly, the Defendants are entitled to judgment as a matter of law on this issue and Plaintiff is not entitled to submit his claim of punitive damages to the jury.

## CONCLUSION

Simply put – there has been no evidence presented by Plaintiff to allow the jury to award damages on any claim. At the very least, Plaintiff's claims against

Defendant Guest must be dismissed and Plaintiff's claims regarding unlawful prosecution must be dismissed.

Respectfully submitted,

PLUNKETT COONEY

Dated:  10/31/16

By: /s/H. William Reising
H. William Reising (P19343)
Christopher J. Scott (P65367)
Attorneys for Defendants
111 E. Court Street, Suite 1B
Flint, MI   48502
810-342-7001
wreising@plunkettcooney.com

## CERTIFICATE OF ELECTRONIC FILING

H. William Reising certifies that a copy of Defendants' Motion for Directed Verdict, Brief in Support and this Certificate of Electronic Filing were electronically filed with the United States District Court, Eastern District of Michigan, Southern Division, in the above cause on October 31, 2016, and that due to the mandatory court requirement that all attorneys use the electronic filing system, a copy will be provided to all counsel of record by the court's notification. I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

/s/H. William Reising
H. William Reising (P19343)
Christopher J. Scott (P65367)
Attorney for County Defendants
111 E. Court Street, Suite 1B
Flint, MI   48502
wreising@plunkettcooney.com
cscott@plunkettcooney.com

Open.06002.32468.17601572-1

11